857 So.2d 16 (2003)
STATE of Louisiana
v.
Herbert R. HARRIS.
No. 2003-KA-0524.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 2003.
Eddie J. Jordan, Jr., District Attorney, Kristen Keller, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellee.
*17 (Court composed of Judge JOAN BERNARD ARMSTRONG, Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
The State brings this appeal, arguing that the trial court erred in granting the defendant's motion to quash. Because we find that under the facts of this case the defendant's right to a speedy trial was violated, we affirm the trial court's granting of the motion to quash.

PROCEDURAL HISTORY
On July 5, 2000, the State filed a bill of information in case number 415-351 charging the defendant with possession of heroin in violation of La. R.S. 40:966(C). He was arraigned on July 7th. Hearings were set for August 7th, but the court continued the case at the request of the defendant. On August 23rd, September 14th, October 25th, December 5th and December 7th, the State moved for and was granted continuances.
The court ordered the defendant released from jail on January 11, 2001. On April 5th, May 3rd, and June 12th, the defendant did not appear in court because he was not served. After the defendant appeared in court on June 18th, the judge re-set the matter for a motion hearing on June 20th; however, on that day the State moved for and was granted a continuance.
The motion hearing was held on July 17th and the judge ruled on the motions on August 17th, finding no probable cause and granting the motion to suppress the evidence. The State objected and noted its intention to take writs. On November 9th, this court granted the State's writ, thereby reversing the trial court's granting of the motion to suppress. State v. Harris, unpub. XXXX-XXXX (La.App. 4 Cir. 11/9/01).
On January 15, 2002, the defendant appeared for a hearing, and the court set the trial date for February 26th. On that date, the trial was re-set without any reasons given for the delay. On March 25th after the State requested a continuance and the judge denied it, the State entered a nolle prosequi and notified the court of its intention to re-file the charges.
Almost five months later, on August 15, 2002, the State re-instituted the charges in case number 432-522. The defendant did not appear in court on September 19th because he had not been served. He was arraigned on October 10th, and on the day set for motion hearings (October 24th), the defendant filed a motion to quash. On November 5th and again on December 5th, the hearing was continued at the request of the State. On December 20th, the trial court granted the defendant's motion to quash.
At the December 20, 2002 hearing on the motion to quash, the defense attorney stated:
Judge, in this particular case, every time Mr. Harris appeared in Court, the Defense was ready to proceed with Motions and trial. At some point, Court instructed the DA that we have to proceed, and at that time, the DA Nol Prossed Mr. Harris' case; and they have since re-instituted, in turn, denying Mr. Harris his right to a speedy trial and seeking its own continuance.
Hearing transcript, p. 2.
The State responded that, under La. C.Cr.P. art. 61, it had the authority to dismiss and re-institute charges not as a method of obtaining a continuance, but because the State is authorized to determine when to prosecute. The trial court, addressing the assistant district attorney, stated: *18 You all have not gotten anybody here on this case, I'm talking about over the past three years, Jerry, but right now, I'm going to grant the Motion to Quash, because we have never, I mean this was set for ... trial, literally a dozen of times [sic] under the old case number, and we've never could [sic] get it done.
Id. at p. 3.
In its brief, the State argues that the trial court erred in granting the motion to quash because the State complied with the relevant provisions of the Code of Criminal Procedure in this case. Under La.C.Cr.P. art. 578, the State had two years from the date prosecution was instituted to bring the defendant to trial. In this case Mr. Harris was charged on July 5, 2000, and the motion to quash was granted on December 20, 2002, or almost five months after the two-year time limitation elapsed. The State contends that most of the first year of delay can be attributed to the defendant's pre-trial motions. Yet, the State requested and received five continuances in the five months between August and December. In a footnote in its brief the State admits that it was responsible for the continuances between August 23, 2000, and March 22, 2001.
We note, however, that the two-year time period under La.C.Cr.P. art. 578 was interrupted for six weeks by the defendant's pretrial motions and for four months by the State's writ. Thus, it appears that the time lapse attributable to the State was nearly twenty-four months.
The defendant argues that the issue in this case is whether his constitutional right to a speedy trial was violated. We agree.

ANALYSIS
In a recent case, State v. Love XXXX-XXXX (La.5/23/03), 847 So.2d 1198, reversing State v. Love, 99-1842 (La.App. 4 Cir. 11/8/00), 775 So.2d 717, the Louisiana Supreme Court considered whether an appellate court abused its discretion in overturning a trial court's denial of a motion to quash where the defendant argued that his right to a speedy trial was violated. Before addressing the question of the constitutional right to a speedy trial, the court looked at the relationship of the courts and noted that:
Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion.
State v. Love, 847 So.2d at 1206.
Thus, for this court, the proper approach to the question of whether the defendant's right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was "palpable abuse" on the part of the trial court in granting the motion to quash. Id. at 1209.
In State v. Love, the Court reviewed the defendant's right to a speedy trial according to the factors set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Court in Love explained as follows:
A defendant's right to a speedy trial is a fundamental right imposed on the states by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). See also La. Const. (1974) art. 1, § 16. The underlying purpose of this constitutional right is to protect a defendant's interests in preventing oppressive pretrial incarceration, limiting possible impairment of his *19 defense, and minimizing his anxiety and concern. Barker, 407 U.S. at 515[, 92 S.Ct. 2182].
The United States Supreme Court made the following observations concerning a defendant's Sixth Amendment right to a speedy trial in Barker:

The right to a speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate. As a consequence, there is no fixed point in the criminal process when the State can put the defendant to the choice of either exercising or waiving the right to a speedy trial. If, for example, the State moves for a 60-day continuance, granting that continuance is not a violation of the right to speedy trial unless the circumstances of the case are such that further delay would endanger the value the right protects. It is impossible to do more than generalize about when those circumstances exist.... Thus, as we recognized in Beavers v. Haubert, [198 U.S. 77, 25 S.Ct. 573, 49 L.Ed. 950 (1905) ], any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case:
The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights of a defendant. It does not preclude the rights of public justice. 198 U.S., at 87[, 25 S.Ct. 573].... The amorphous quality of the right also leads to the unsatisfactorily severe remedy of dismissal of the indictment when the right has been deprived. This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy. Id. at 522-23,[ 92 S.Ct. 2182] ... (footnote omitted).
In determining whether a defendant's right to speedy trial has been violated, courts are required to assess the following factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. 2182; State v. Alfred, 337 So.2d 1049, 1054 (1976) [on rehearing]. Under the rules established in Barker, none of the four factors listed above is either a necessary or sufficient condition to the finding of a deprivation of the right to speedy trial. Id. at 533, 92 S.Ct. 2182. Instead, they are related factors and must be considered together ... in a difficult and sensitive balancing process. Id.

State v. Love, 847 So.2d at 1209-10.
Considering Mr. Harris' right to a speedy trial under the first Barker factor, we note that the length of the delay was about twenty-four months from the time of the filing of the first case on July 5, 2000, to the granting of the motion to quash on December 20, 2002, excluding periods of interruption. In State v. Leban, 91-2328 (La.App. 4 Cir. 12/15/92), 611 So.2d 165, writ denied, 619 So.2d 533 (La.1993), the State appealed the quashing of an arson charge against the defendant. This court found the sixteen-month delay between the filing of the bill and the quashing of the charge to be presumptively prejudicial, thereby triggering consideration of the three remaining Barker factors.
As to the second Barker factor, the reason for the delay, nine continuances were at the State's request, one was at the defendant's request, and several were not *20 attributed to either party. The five consecutive State continuances in the fall of 2000 were a result of problems getting police officers to court to testify. However, in State v. Reaves, 376 So.2d 136 (La.1979), where several continuances were caused by the police officers not appearing for trial, the court found that the responsibility for the delay rested with the State.
Similarly, in State v. Leban 91-2328 (La. App. 4th Cir.12/15/92), 611 So.2d 165, this court held that the trial court was correct in granting the motion to quash after finding that the State requested most of the continuances and the last two were the result of the State's witnesses not appearing for trial.
The third Barker factor concerns the defendant's assertion of his right to a speedy trial. The defendant never objected to the continuances, but he did file a motion for a speedy trial on November 2, 2000; however, the State claims that it is invalid because it does not include an affidavit by defense counsel certifying that they are prepared to go to trial within the delays imposed by La.C.Cr.P. art. 701.
The final Barker factor is the prejudice to the defendant caused by the delay. There are no facts about the defendant in the record except that he was charged with possession of heroin and he was incarcerated from June 19, 2000, until January 11, 2001. Although not incarcerated for the last two years of hearings, the defendant was required to return to court twelve times. The record is silent as to hardship that he suffered or witnesses that he lost as a result of the delay.
As the courts have said, the right to a speedy trial is relative and involves a weighing process. In this case, there is little information about the defendant. The State's dilatory pattern in pursuing this matter, however, is disturbing: it was unable to bring its witnesses to court for motion hearings on six dates, and after a trial date was set and the State was not granted a continuance, it entered a nolle prosequi and reinstated the case almost five months later. Furthermore, even after the defendant filed a motion to quash, the State requested and received two additional continuances prior to that hearing. Under the facts and circumstances of this case, we do not find that the trial judge abused his discretion in granting the defendant's motion to quash the bill of information.

CONCLUSION
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.