904 So.2d 766 (2005)
STATE of Louisiana
v.
Michael BATISTE.
No. 2004-KA-1200.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 2005.
*767 Eddie J. Jordan, Jr., District Attorney, Claire Adriana White, Assistant District Attorney, Meri M. Hartley, Assistant District Attorney, New Orleans, Counsel for Plaintiff/Appellant.
Roman J. Maney, Student Practitioner, D. Majeeda Snead, Supervising Attorney, Loyola Law Clinic, New Orleans, Counsel for Defendant/Appellee.
Court composed of Judge DENNIS R. BAGNERIS, Sr., Judge MICHAEL E. KIRBY, Judge LEON A. CANNIZZARO, Jr.
KIRBY, J.
The State appeals the trial court's granting of the defendant's motion to quash the bill of information. Finding no palpable abuse by the trial court, we affirm the trial court's decision.
On November 12, 2002, in case number 434-653, the State filed a bill of information charging Michael E. Batiste with video voyeurism, in violation of La. R.S. 14:283. He pleaded not guilty at arraignment on December 9th. After a hearing on the motions on February 7, 2003, the trial court found probable cause and denied the motions to suppress the evidence and the statement regarding the victim. (The court granted a motion to suppress the evidence and statement regarding another victim). A second hearing on the motions occurred on March 14th after which the court granted the motion to suppress the evidence as to the victim. The State announced its intent to take supervisory writs; however, the State did not file writs but requested a rehearing. On April 23rd, the trial court issued a stay order and allowed the State and the defendant to file memoranda on the issue of suppression of the evidence. On June 16th the defendant, through counsel, filed a motion to quash the bill of information[1], and the court deferred ruling on the motion to suppress the evidence. On July 15th the defendant's counsel again filed a motion to quash[2], and the State filed a motion in opposition. On September 9th the court deferred ruling until the day of trial on the motion to suppress the evidence and the motion to quash. On November 24th the court denied the defendant's motion to suppress the evidence and his motion to quash the bill of information. Trial was set for January 28, 2004; however, the defendant did not appear, and the State requested a continuance. On March 23rd, the day set for trial, the State entered a nolle prosequi.
The case was reinstated about three weeks later on April 16th as case number 447-514, and the defendant pleaded not guilty at his arraignment on May 25th. The defendant filed a motion to quash on *768 June 7th, and the trial court granted the motion on June 23rd. The State appeals.
The facts of the case are taken from the application for an arrest warrant for the defendant. The victim met the defendant through a dating service in November of 2000. They had a consensual sexual relationship. In January of 2002, the defendant asked the victim to pick up some of his belongings from his car in a repair shop. She found there a video with her initials on it. She viewed the tape in her home and discovered that it showed a sexual encounter between herself and the defendant which had been taped without her knowledge or consent. She notified the police sometime later, and on August 19, 2002 she identified a photo of the defendant and named him as the person who videoed her without her permission.
At the hearing on the motion to quash, the defendant argued that more than one and one-half years had passed since the defendant was arraigned and the State was responsible for the delays.
In a single assignment of error, the State contends that the trial court improperly granted the defense counsel's motion to quash the bill of information reinstituting prosecution because none of the time limitations of the Code of Criminal Procedure had expired nor was the defendant's right to a speedy trial violated.
La.C.Cr.P. art. 532, which sets forth the grounds for a motion to quash, provides in pertinent part:
A motion to quash may be based on one or more of the following grounds:
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
The State cites La.C.Cr.P. articles 691 and 576, respectively, for the propositions that the district attorney has the power to dismiss a bill of information and reinstitute a new prosecution based on the same facts unless the dismissal was made to avoid the time limitations for commencement of trial established by La.C.Cr.P. art. 578. That article provides that in a non-capital felony case, a trial must commence within two years after charges are instituted.
Mr. Batiste was charged on November 12, 2002, and the State entered a nolle prosequi on March 23, 2004. The State reinstituted charges on April 16, 2004. The motion to quash was granted on June 23, 2004, more than four months before the statutory two-year time limit elapsed. Thus, it does not appear that the State entered a nolle prosequi to avoid statutory time limitations.
A defendant also has a constitutional right to a speedy trial based on the Sixth Amendment of the U.S. Constitution and Art. 1 § 16 of the Louisiana Constitution of 1974. The right attaches at the time the defendant becomes accused either by indictment, bill of information, or by arrest and actual restraint. State v. Santiago, XXXX-XXXX (La.App. 4 Cir. 7/23/03), 853 So.2d 671, 672.
In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court set forth four factors to determine whether a defendant's right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant as a result of the delay. The Court stated that the length of the delay was a triggering mechanism, and until there was a delay that was presumptively prejudicial, there was no need to inquire into the other factors. The Court further stated that the length of a delay, which would provoke such an inquiry, was dependent upon the peculiar circumstances of the case. The Court noted that the reason for the delay was closely related to *769 the length of the delay and that different weights should be given to different reasons. As to the defendant's assertion of his right to a speedy trial, the Court stated that the assertion of that right was entitled to strong evidentiary weight in determining whether the defendant was deprived of his right. Regarding the final factor, the Court stated that prejudice was to be assessed in the light of the interests of the defendant that the speedy trial right was designed to protect. The Court identified those interests as preventing oppressive pretrial incarceration, minimizing the anxiety and concern of the defendant, and limiting the possibility that the defense would be impaired.
In State v. Leban, 91-2328 (La.App. 4 Cir. 12/15/92), 611 So.2d 165, the State appealed the quashing of an arson charge against the defendant. This Court found the sixteen-month delay between the filing of the bill and the quashing of the charge to be presumptively prejudicial, thereby triggering consideration of the three remaining Barker factors. In State v. Firshing, 92-1843 (La.App. 4 Cir. 9/16/93), 624 So.2d 921, this Court granted the defendant's motion to quash after a seventeen month delay between the filing of the first bill of information and the granting of the motion to quash the fourth bill; during that period the State nolle prosequied three bills of information against the co-defendants. This Court found the seventeen months presumptively prejudicial under the first factor of Barker v. Wingo. In State v. Esteen, 95-1079 (La.App. 4 Cir. 4/3/96), 672 So.2d 1098, this Court affirmed the trial court's granting of a motion to quash. The Court found that a two and one-half year delay between the institution of prosecution and trial was presumptively prejudicial, triggering an inquiry into the other factors.
In the instant case, twenty months elapsed between the filing of the original bill of information and the granting of the defendant's motion to quash. We find this period of delay "presumptively prejudicial" under the first factor of Barker, thereby necessitating further analysis.
As to the second Barker factor, the docket master and minute entries in this case indicate that the trial court, the prosecutor and the defense attorney debated the issue of the defendant's pretrial motion to suppress the evidence from February 7, 2003, until November 24, 2003 when it was finally denied. The State announced its intent to take writs on March 14, 2003, and then was granted an extension of time to file on April 16, 2003, but the writ was never filed. On April 23rd the trial court allowed the State and defense to file memoranda on the issue, with the State's due on May 28th and the defense's on June 11th. The memoranda were timely filed. The matter was reset for trial twice.[3] Once, on January 28, 2004, the defendant was not present and the State asked for a continuance. On March 23rd the victim was not present and the State entered a nolle prosequi. There were no continuances after the case was reinstated. Because the defendant's pretrial motions suspended the time limits[4], the delays attributable to the State concern (1) its failure to take a writ between the dates of March 14 and the rehearing on April 23, 2003, (2) its failure to *770 go to trial on March 23, 2004, and (3) the time between the nolle prosequi and the reinstatement of the case on April 16, 2004. (Because the defendant did not appear on January 28, 2004, that delay was shared by the parties). Much of the delay in this casewhile not attributable to the defendantappears justified because of the statute and the facts of the case. However, as noted above, the State bears some responsibility for the delays.
The third Barker factor deals with the defendant's assertion of his right to a speedy trial. There is no motion for speedy trial in the record, and none of the minute entries indicates that the defendant objected to any of the continuances. The defendant through counsel did file an early motion to quash on July 15, 2003.
The final Barker factor is the prejudice caused the defendant. The defendant was not incarcerated during the twenty months. However, he was living in Florida during that time and had to travel to return to court. This sort of disruption was found to be prejudicial in State v. Reaves, 376 So.2d 136 (La.1979). In that case the defendant was charged with possessing a marijuana cigarette and released on bail. Like the defendant in the case at bar, the defendant in Reaves appeared for trial but the State's witness did not appear. After delays of three and one-half months, the defendant filed a motion to quash which was granted. The court reasoned that the charge was a misdemeanor and the requirement of prejudice was not as stringent as it would be in the case of a more serious crime.[5]
This case is difficult. Under the Wingo factors, the defendant has suffered some prejudice: the length of the delay is presumed prejudicial; the State bears more of the responsibility for the delay than the defendant; the defendant did not object to the delay or file a motion for a speedy trial; and he was inconvenienced by having to travel for court appearances.
In State v. Love, XXXX-XXXX (La.5/23/03), 847 So.2d 1198, the Louisiana Supreme Court considered whether an appellate court abused its discretion in overturning a trial court's denial of a motion to quash where the defendant argued that his right to a speedy trial was violated. The court noted the relationship of the courts and stated:
Because of the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion.
Id., 847 So.2d at 1206.
In State v. Harris, XXXX-XXXX (La.App. 4 Cir. 9/10/03), 857 So.2d 16, this Court, considering a similar issue and the Love decision, stated:
Thus, ... the proper approach to the question of whether the defendant's right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was "palpable abuse" on the part of the trial court in granting the motion to quash. Id. at 1209.
Id., 857 So.2d at 18.
In this case, we do not find "palpable abuse" on the part of the trial court in *771 granting the motion to quash. Accordingly, the decision of the trial court is affirmed.
AFFIRMED.
CANNIZZARO, J., dissents with reasons.
CANNIZZARO, J., Dissenting.
I respectfully dissent from the majority opinion in this case. I do not believe that the defendant's right to a speedy trial was violated under the four factors set forth in Barker v. Wingo. Additionally, the time limitations of the Louisiana Code of Criminal Procedure had not expired.

Time Limitations
La.C.Cr.P. art. 532(7) provides that a motion to quash may be based on the ground that "[t]he time limitation for the institution of prosecution or for the commencement of trial has expired." La. C.Cr.P. art. 578 states the general rule that in felony cases other than capital cases, the trial cannot be commenced "after two years from the date of institution of the prosecution."
In the instant case, on November 22, 2002, the State of Louisiana filed a bill of information charging Michael Batiste with the crime of video voyeurism, a felony under La. R.S. 14:283. On March 23, 2004, the State entered a nolle prosequi, and on April 16, 2004, the State reinstated the case. On June 7, 2004, Mr. Batiste filed a motion to quash, and the trial court granted the motion on June 23, 2004. Therefore, when the motion to quash was granted, nineteen months had elapsed since the prosecution against Mr. Batiste had been instituted.
It is clear under La.C.Cr.P. art. 691 that "[t]he district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court."[1] La.C.Cr. P. art. 693 provides that a dismissal under La.C.Cr.P. art. 691 does not bar a subsequent prosecution except in certain instances not relevant in the instant case. The district attorney did not violate any of the time constraints imposed by Louisiana law in this case.

Speedy Trial
If Mr. Batiste's state and federal constitutional rights to a speedy trial were violated, then he would have a right to have his motion to quash granted, even though the time period for commencing trial in this case had not expired under the Louisiana Code of Criminal Procedure. The trial court judge granted the motion to quash on the ground that the defendant was denied his right to a speedy trial.
In Barker v. Wingo, the United States Supreme Court discussed four factors to be considered in determining whether a defendant's right to a speedy trial has been denied. The four factors are (1) the length of the delay in bringing the defendant to trial, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice the defendant suffers as a result of the delay.

Length of the Delay
When Mr. Batiste's motion to quash was granted, the delay between the institution of the prosecution against him and the granting of the motion to quash was nineteen months. This was five months less than the two-year time limit established by the La.C.Cr.P. art. 578. Under Barker v. *772 Wingo, the length of the delay in bringing a defendant to trial triggers the inquiry into whether the delay denied the defendant's right to a speedy trial. In the instant case, I do not think that the delay was excessive. For purposes of further analysis under Barker v. Wingo, I will, however, assume that a delay of nineteen months was presumptively prejudicial.

Reason for the Delay
A primary reason for the delay in brining this case to trial was the length of time spent on motion hearings that were initiated by Mr. Batiste. For a period of approximately ten months, from January 24, 2003, until November 24, 2003, the trial court judge was occupied with motions initiated by Mr. Batiste for the purpose of (1) discovering the tapes, which constitute the evidence in this case, (2) suppressing the tapes as evidence, and (3) quashing the bill of information. From June 16, 2003, until November 24, 2003, the trial court judge had the motion to quash under advisement. None of these delays can be attributed to the State. Once the time taken for the motions filed by Mr. Batiste are taken into account, the delay in bringing the case to trial was only about nine months.
Under Barker v. Wingo, the reasonableness of a delay in bringing a defendant to trial is closely related to the reasons for the delay. Considering the circumstances of the instant case, the reason for most of the delay must be attributed to Mr. Batiste, not the State. Therefore, I do not think that the delay in this case violated Mr. Batiste's right to a speedy trial.

Assertion of the Right to a Speedy Trial
In the instant case Mr. Batiste never asserted his right to a speedy trial in the trial court. Under Barker v. Wingo, the assertion of the right to a speedy trial is entitled to strong evidentiary weight in determining whether a defendant has been deprived of this right. Because Mr. Batiste failed to file a motion for a speedy trial or otherwise assert this right while his case was pending in the trial court, this factor should be decided in favor of the State.

Prejudice to the Defendant
Under Barker v. Wingo, prejudice to the defendant is to be assessed in light of the interests that the right to a speedy trial was intended to protect. In Barker v. Wingo, the United States Supreme Court identified those interests as preventing oppressive pretrial incarceration, minimizing the anxiety and concern of the defendant, and the possibility that the defense would be impaired. In the instant case Mr. Batiste was not incarcerated while waiting for trial. In fact, his presence at almost all of the court proceedings was waived. The only proceedings that he attended were his two arraignments, one motion hearing, the proceedings on March 23, 2004, when his trial was scheduled to begin, and the June 6, 2004 hearing on his motion to quash the bill of information.
Additionally, there was no showing whatsoever that there was prejudice to Mr. Batiste with respect to losing potential witnesses or evidence. Finally, Mr. Batiste was not incarcerated, so any anxiety and concern that he suffered from his criminal prosecution was not significantly affected by the amount of time that was spent trying to bring this case to trial. In my opinion, Mr. Batiste has not shown that he suffered any prejudice as a result of the delay in his trial.

Conclusion
For the reasons discussed above, I would reverse the trial court judgment. I think that the motion to quash the bill of information should have been denied.
NOTES
[1] The motion is not in the record; however, the motion of July 15th is in the record.
[2] The defendant argued that the statute, La. R.S. 14:283, was unconstitutional.
[3] At the hearing on the motion to quash, the defense attorney argued that trial was set four times: 3/31/03, 11/10/03, 1/28/04, and 3/23/04; however, there are no minute entries for the 3/31/03 and 11/10/03 dates.
[4] Under La.C.Cr.P. art. 580 a motion to quash or other preliminary plea suspends the time limitations until the court rules; however, the State has one year after the ruling to commence trial.
[5] Conversely, in State v. Pham, 97-0459 (La. App. 4 Cir. 3/26/97), 692 So.2d 11, this court found a nine-month delay for a defendant forced to travel from Houston to New Orleans after being charged with cheating at gaming did not merit the granting of a motion to quash. Pham can be distinguished from the instant case in that the delay was twenty months.
[1] The term "indictment" is defined in the Louisiana Code of Criminal Procedure to include "information and affidavit." Therefore, the fact that Mr. Batiste was charged in a bill of information does not preclude the district attorney from dismissing the charge under La.C.Cr.P. art. 691.