933 So.2d 838 (2006)
STATE of Louisiana
v.
Michael POLK.
No. 2005-KA-1118.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 2006.
*839 Eddie J. Jordan, Jr., District Attorney, Autumn L. Cheramie, Assistant District Attorney, New Orleans, LA, for Appellant, State of Louisiana.
(Court composed of Judge JAMES F. McKAY, III, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The defendant, Michael Polk, filed a motion to quash the bill of information against him. The district court granted the motion, and the State of Louisiana is appealing the judgment granting Mr. Polk's motion.

STATEMENT OF THE CASE
On January 6, 2004, Mr. Polk was charged with one count of possession of cocaine. He entered a not guilty plea at his arraignment on February 6, 2004, and on June 16, 2004, the district court found probable cause to try Mr. Polk. The case was set for trial, but the trial was continued several times. On December 9, 2004, Mr. Polk appeared for trial, but the State made an oral motion for a continuance. Because the State had not followed the procedures set forth in La.C.Cr.P. art. 707[1]et. seq. for requesting a continuance, the trial court denied the continuance. The State then entered a nolle prosequi. Mr. Polk was released, and the case was closed.
On January 19, 2005, the State reinstituted the prosecution pursuant to La. C.Cr.P. art. 691[2]. On April 11, 2004, Mr. Polk filed a written motion to quash the bill of information, and the trial court granted the motion. On May 9, 2005, the district court granted the State's written motion for an appeal.

STATEMENT OF THE FACTS
There are no transcripts in the record before us, but the facts of the case are contained in the narrative of the police report that is in the record. According to the police report, two New Orleans Police Department officers were on patrol in a marked police vehicle in the Iberville Housing Development in New Orleans. *840 When they saw three men sitting on the steps of an abandoned building, one of the officers exited the police car and walked toward the men. When the men saw the police officer approaching them, they fled. Although Mr. Polk fled with the others, the officers were able to stop him. After they stopped Mr. Polk, the officers asked him if he was a resident of the housing development and if he had any identification. Mr. Polk replied negatively to both questions.
The officers checked the police department database and learned that there was an outstanding juvenile warrant for Mr. Polk's arrest. The officers then arrested Mr. Polk, and in a search that was conducted incidental to the arrest, the police officers found crack cocaine and marijuana[3] in Mr. Polk's possession.

DISCUSSION
The only issue raised on appeal is whether the district court erred by granting Mr. Polk's motion to quash the bill of information. Although the transcript of the hearing on the motion to quash does not contain any argument by the parties or the reasons for the district court's ruling, the trial court judge later issued a per curiam to explain why he granted the motion to quash in Mr. Polk's case and in a number of similar cases. The trial court judge explained in the per curiam that he granted the motion to quash, because after he denied the State's motion to continue on the grounds that the motion did not conform to the requirements of La. C.Cr.P. art. 707, the State had entered a nolle prosequi. Article 707 provides that a motion for a continuance must be in writing, must specifically allege the grounds upon which it is based, and must be filed at least seven days prior to the commencement of trial. This had the effect of giving the State the continuance it sought but had been denied, and it was for this reason that the trial court judge granted the motion to quash.
The State argues that granting Mr. Polk's motion to quash was not a permissible response to the State's failure to comply with the La.C.Cr.P. art. 707 et. seq. La.C.Cr. P. art. 532 sets forth the general grounds upon which a motion to quash can be granted. That article provides:
A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.

*841 (7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
La.C.Cr.P. art. 534 sets forth the special grounds for a motion to quash a bill of information. La.C.Cr.P. art. 534 provides:
A motion to quash an information may also be based on one or more of the following grounds:
(1) The information was not signed by the district attorney; or was not properly filed.
(2) The offense is not one for which prosecution can be instituted by an information.
There is nothing in the record to indicate that Mr. Polk's written motion to quash asserts any of the grounds enumerated in La.C.Cr.P. art. 532 or 534 as a basis for quashing the bill of information against him. Additionally, the Louisiana Code of Criminal Procedure does not provide for quashing a bill of information for failure to comply with the mandates of La.C.Cr.P. art. 707 et. seq. Although the district court judge may have been frustrated by the State's failure to be prepared for trial, we find no valid basis upon which he could quash the bill of information in this case.
The trial court judge specifically stated in his per curiam that the denial of the right to a speedy trial was not the basis upon which Mr. Polk's motion to quash was granted. We also note that the record does not indicate that a motion for a speedy trial was ever filed by Mr. Polk. The sole basis upon which the motion to quash was granted was the State's failure to comply with La.C.Cr.P. arts. 707 et. seq. in moving for a continuance and its using a nolle prosequi to obtain indirectly the continuance that had been denied by the trial court.
The State has plenary authority pursuant to La.C.Cr.P. art. 576 to dismiss a charge and then reinstitute prosecution in a case, such as this one, where doing so will not circumvent the statutory time limits for commencing trial under La.C.Cr.P. art. 578.[4] Therefore, considering the circumstances of this case, the trial court abused his discretion in quashing the bill of information.

CONCLUSION
The judgment of the trial court granting Mr. Polk's motion to quash the bill of information is reversed. The case is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
McKAY, J., dissents with reasons.
McKAY, J., dissents with reasons.
I respectfully dissent from the majority opinion in this matter.
The Louisiana Supreme Court emphasized in State v. Love, XXXX-XXXX (La.5/23/03), 847 So.2d 1198, the trial court's ruling on a motion to quash on speedy trial grounds must be given deference and should only be reversed by the appellate court if there was a palpable abuse of discretion.
The right to a speedy trial is guaranteed by both the federal and state constitutions. U.S. Const. Amendment 6; La. Const. *842 Art. I, § 16. In addition to the statutory right to a speedy trial recognized by La. C.Cr.P. art. 701(A), a defendant also has a fundamental, constitutional right to a speedy trial. In analyzing a constitutional speedy trial violation claim, the four factor test forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) is applied; to wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant.
On April 11, 2005, fifteen months and five days after the original bill of information was filed, the court granted the motion to quash. Based on applicable jurisprudence the delays in this case appear sufficient to warrant a consideration of the other Barker factors.
The second Barker factor concerns the reason for delay, which must be evaluated.
Of the fifteen-month delay, approximately four months were clearly the defendant's fault as the record shows he had been notified in court of the scheduled trial dates.
After the defendant's arrest in September, trial was set four times: October 20, 2004, November 16, 2004, November 23, 2004, and December 9, 2004. The defendant, who was incarcerated, was present for each setting. The minute entries do not reflect any reasons for the continuances, although the per curiam indicates that at least on December 9th the State requested a continuance and entered the nolle prosequi when the court denied its request.
There was a five-week delay attributable to the State between December 9th, when the State entered the nolle prosequi, and January 19, 2005 when it filed the new bill of information. Delays following reinstitution again appear to be related solely to problems providing the defendant, who was not incarcerated or on bond following the December 9th dismissal of the charge, with notice that the charge had been reinstituted. While the problem of notice may not be directly the fault of the State, it cannot be attributed to the defendant until he received actual notice, which the record indicates occurred by March 17th when the trial court ordered a capias with a $25,000 bond to issue. Less than one month later the court granted the motion to quash.
The next factor to be considered is the defendant's assertion of his right to a speedy trial. As to this factor, the court in its per curiam noted that the defense had never filed a written motion for speedy trial pursuant to La.C.Cr.P. art. 701(D), which provides that a motion "in order to be valid" must be accompanied by an affidavit by counsel that he and the defendant are ready to proceed to trial within the delays set forth in the article.[1] However, La.C.Cr.P. art. 701(D) is statutory and provides as a remedy that the defendant be released without bail or that the surety be discharged. Here, the defendant had been released without bond for much of the duration of the proceedings, and therefore the defense counsel may have seen no purpose in filing such a written motion. Also, the defense counsel did object to the granting of the State's motion to continue the motion hearing on February 20, 2004. However, the record does not affirmatively show any defense objections to the continuances of the trial, which occurred throughout the fall of 2004.
*843 The final factor to consider under Barker is the prejudice to the defendant. As noted by this Court in State v. Batiste, XXXX-XXXX (La.App. 4 Cir. 5/11/05), 904 So.2d 766, this factor should be assessed in light of the interests of a defendant, which the right to a speedy trial was designed to protect. The Barker court identified those interests as preventing oppressive pretrial incarceration, minimizing the anxiety and concern of the defendant, and limiting the possibility that the defense would be impaired.
Here the defendant suffered incarceration before the bill of information was filed, again after he had missed court appearances, resulting in bench warrants for his arrest which were recalled on more than one occasion, and again after the State reinstituted prosecution five weeks after the first bill of information had been dismissed. Stated another way, this particular defendant, instead of being continually incarcerated, suffered the anxiety of repeatedly being arrested and incarcerated and then released for the same offense. The record does not indicate whether he lost work or suffered other personal hardships. The record also does not indicate whether he had witnesses or evidence, which became unavailable to him as a result of the failure to bring him to trial more expeditiously.
The weight to be given to all of the Barker factors must be evaluated on the circumstances of the individual case. Here, the charge against the defendant was a non-violent felony which can only be described as a routine drug case. The only witnesses for the State according to its witness list were two police officers assigned to the C.O.P.S. unit at the Iberville Housing Development and an officer from the Crime Laboratory. The trial court clearly believed that the State was not entitled to a continuance when it denied the State's request for a continuance on December 9th, which at that point was the fourth trial setting in less than two months, during which period the defendant had been continuously incarcerated.
As the court emphasized in State v. Love, supra, the trial court's ruling on a motion to quash on speedy trial grounds must be given deference and should only be reversed by the appellate court if there was a palpable abuse of discretion.
Accordingly, based on the facts of this case I cannot determine that the trial court abused its discretion and would affirm the judgment of the trial court.
NOTES
[1] Article 707 provides that a motion for a continuance must be in writing, must specifically allege the grounds upon which it is based, and must be filed at least seven days prior to the commencement of trial.
[2] Article 691 gives the district attorney the discretionary power to dismiss a charge against a defendant, and the permission of the court is not required. La.C.Cr.P. art. 693 provides that the dismissal of the charge is not a bar to subsequent prosecution except in certain instances not applicable in the instant case.
[3] Mr. Polk was charged with possession of marijuana, a misdemeanor, but that case is not before us.
[4] La.C.Cr. P. art. 578 provides that no felony trial, except in a capital case, shall commence after two years from the date of institution of the prosecution. The two-year time limit in this case had not expired.
[1] The delays for commencing trial after the filing of a valid motion for speedy trial in a felony case are one hundred twenty days if the defendant is in custody and one hundred eighty if he is not. See La.C.Cr.P. art. 701(D)(1)(a).