937 So.2d 419 (2006)
STATE of Louisiana
v.
Thedrow BROWN.
No. 2005-KA-1146.
Court of Appeal of Louisiana, Fourth Circuit.
July 26, 2006.
*420 Eddie J. Jordan, Jr., District Attorney, David S. Pipes, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
Sheila C. Myers, Tulane University Criminal Law Clinic, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
DAVID S. GORBATY, Judge.
The State appeals a judgment of the trial court granting defendant Brown's Motion to Quash the bill of information. For the following reasons, we reverse and remand.

STATEMENT OF CASE:
On August 25, 2004, the defendant Thedrow Brown was charged in case # 451-414 with one count of possession of heroin, a charge to which he pled not guilty at his arraignment on August 27. The court set a hearing on motions for September 24, and on that date continued the matter on joint motion to October 18. On October 18, the court again continued the hearing on joint motion and reset the matter for hearing and trial on November 3. On November 3, 2004, the State nolle prosequied the case, and the court ordered Brown released.
On January 19, 2005, the State reinstituted the heroin charge in the present case. The case was allotted the next day then reallotted to the present section on February 4 to follow case # 451-414. Brown appeared for arraignment on February 15 and again pled not guilty. The court reset the matter to February 22 for determination of counsel, and when Brown failed to appear on that date, the court issued a capias for his arrest. On February 28 Brown appeared and filed a motion to quash the bill of information. The court set the matter for March 14. When Brown did not appear on March 14, the court reset the matter for March 18. On March 17 the State filed its opposition to the motion to quash, and on March 18 the court granted the motion. The State now appeals that judgment.

FACTS:
The only known facts of the underlying offense are found in a police report included in case # 451-414. On August 3, 2004, at approximately 11:10 p.m. officers observed the defendant Thedrow Brown and an unknown man loitering in the parking lot of the Newton Discount Market. The officers had warned Brown two times earlier the same evening about loitering in the same parking lot. As the officers approached Brown and his companion, the companion fled the scene by jumping a fence. The officers detained Brown and noticed him trying to conceal a metal object *421 in his right hand. The officers asked Brown what he had in his hand, and in response Brown discarded a metal container to the ground. The officers retrieved the container and found inside six capsules containing a tan colored powdered substance the officers believed to be heroin. The officers then arrested Brown.

DISCUSSION:
By its first assignment of error, the State argues that the trial court erred by granting the motion to quash based upon its finding that the defendant's rights to a speedy trial were violated. The record does not contain a copy of the defendant's motion to quash. The transcript of the March 18, 2005 hearing merely notes that the court granted the motion, but the court did not give any reasons for its ruling. On May 10, 2005, six weeks after it granted the motion to quash in the instant case, the trial court issued a per curiam referencing this and twenty-eight other cases, some of which were misdemeanors. In the per curiam, the court confirmed that it quashed the bills of information in these cases because the State dismissed the charges after the court had denied its motions to continue. The court further stated that none of the State's motions for continuance conformed to La.Code Crim. Proc. art. 707, which requires a motion to continue to be in writing and filed at least seven days before trial. The minute entry of the November 3, 2004 hearing in case # 451-414, when the State nolle prosequied that case, does not indicate that the State entered a nolle prosequi of the case because it could not obtain a continuance of trial. However, the State appears to concede in its brief that this was the reason for the nolle prosequi.
The State now argues that it had the authority to dismiss the original bill of information and reinstitute the charges in the present bill. It further argues that neither the defendant's statutory right nor his constitutional right to a speedy trial was violated in this case.
This Court most recently addressed these issues in State v. Brown, XXXX-XXXX, pp. 2-3, (La.App. 4 Cir. 3/22/06), 929 So.2d 182, 184-185:
The State is correct that it has the authority to enter a nolle presequi and reinstate the charge. Both the Louisiana Supreme Court and this court have recognized this authority; however, the jurisprudence has also recognized that this authority may be overborne under the circumstances of any given case by the defendant's constitutional right to a speedy trial. State v. Love, XXXX-XXXX (La.5/23/03), 847 So.2d 1198; State v. Scott, XXXX-XXXX (La.App. 4 Cir. 7/27/05), 912 So.2d 843.
The State's authority to dismiss any prosecution without the consent of the court is recognized in La.C.Cr.P. art. 691. Under La.C.Cr.P. art. 576, the State is authorized to reinstitute the charges within six months of the dismissal. . . . The State, however, is required to show that the dismissal of the original prosecution was not for the purpose of avoiding the time limitations set by Article 578.
Louisiana Code of Criminal Procedure art. 578 requires that in a non-capital felony case the State bring a defendant to trial within two years from the date of the bill of information.
This Court further explained in Brown, XXXX-XXXX at p. 4, 929 So.2d at 185:
It is well settled that the standard for analyzing a defendant's claim that his constitutional right to a speedy trial was violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182[, 33 L.Ed.2d 101] *422 (1972); to-wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The first factor  the length of the delay  is often referred to as the "triggering mechanism" because unless the delay is "presumptively prejudicial," no further inquiry into the other Barker factors is required. Love, XXXX-XXXX at p. 16, 847 So.2d at 1210. Furthermore, the circumstances of each individual case determine the weight to be ascribed to the length of the delay and the reason for the delay. [State v.] Reaves, 376 So.2d [136] at 138 [(1979)]. Because the complexity of the particular case must be taken into consideration, a delay that is acceptable in one case may not be acceptable in another. Gray v. King, 724 F.2d 1199, 1202 (5th Cir.1984)(citing Barker, 407 U.S. at 531, 92 S.Ct. 2182). The manner of proof must also be considered, as must the gravity of the alleged crime. Id.

"A defendant challenging the state's dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial." State v. Scott, XXXX-XXXX, p. 12 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, 851; State v. Henderson, XXXX-XXXX, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142.
In another recent case, State v. Batiste, XXXX-XXXX (La.App. 4 Cir. 5/11/05), 904 So.2d 766, this Court noted the appropriate standard for appellate review:
In State v. Love, XXXX-XXXX (La.5/23/03), 847 So.2d 1198, the Louisiana Supreme Court considered whether an appellate court abused its discretion in overturning a trial court's denial of a motion to quash where the defendant argued that his right to a speedy trial was violated. The court noted the relationship of the courts and stated:
Because of the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion.

Id., 847 So.2d at 1206.
In State v. Harris, XXXX-XXXX (La. App. 4 Cir. 9/10/03), 857 So.2d 16, this Court, considering a similar issue and the Love decision, stated:
Thus, . . . the proper approach to the question of whether the defendant's right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was "palpable abuse" on the part of the trial court in granting the motion to quash. Id. at 1209.

Id., 857 So.2d at 18.
Batiste, XXXX-XXXX at pp. 7-8, 904 So.2d at 770. In Batiste, twenty months elapsed between the filing of the original charge and the quashing of the second bill of information, and this Court found this delay to be presumptively prejudicial. This Court then reviewed the remaining Barker factors and found that most of the delay was caused by consideration of the defendant's motion to suppress the evidence, as well as by two continuances of trial on joint motion. This Court noted that the defendant had filed no motion for speedy trial, and it further found that the prejudice suffered by the defendant, who was not incarcerated, was limited to his having to travel back and forth from Florida for hearings in his case. Nonetheless, this Court found that under the Love standard the trial court showed no "palpable abuse" *423 by quashing the charge against the defendant, and it affirmed the trial court's ruling.
By contrast, in State v. Pham, 97-0459 (La.App. 4 Cir. 3/26/97), 692 So.2d 11, this Court found that a nine-month delay in a case of cheating at gambling did not warrant the quashing of charges, even though the defendant had to travel from Houston to New Orleans four times for trial. See also State v. Keller, XXXX-XXXX (La.App. 4 Cir. 10/1/03), 859 So.2d 743, where this Court found that the six-and-a-half-month delay between the filing of the initial bill of information and the quashing of the reinstituted bill of information was not presumptively prejudicial.
In State v. Santiago, XXXX-XXXX (La.App. 4 Cir. 7/23/03), 853 So.2d 671, this Court considered all of the Barker factors even though it found that a fifteen-month delay was not presumptively prejudicial. By contrast, in State v. Larce, XXXX-XXXX (La.App. 4 Cir. 1/23/02), 807 So.2d 1080, this Court did not consider the other Barker factors after finding that a delay of only two and a half months was not presumptively prejudicial. In State v. Leban, 611 So.2d 165 (La.App. 4 Cir.1992), this Court found that a sixteen-month delay was prejudicial, and in State v. Firshing, 624 So.2d 921 (La.App. 4 Cir.1993), it found that a seventeen-month delay was prejudicial.
In State v. Gray, 98-0347 (La.App. 4 Cir. 10/21/98), 766 So.2d 550, this Court suggested that the eleven-month delay might not have been presumptively prejudicial in that most prior cases considered by this Court had involved delays of over one year. Nonetheless, this Court considered the remaining Barker factors based on State v. Reaves, 376 So.2d 136 (La. 1979), where the Court had found that a three-and-a-half-month delay violated the defendant's right to speedy trial in a misdemeanor case.[1]
Here, the State filed the original bill of information on August 25, 2004. The defendant pled not guilty on August 27. The court reset the motion hearing twice on joint motion, and on November 3, 2004 the State nolle prosequied the case. Thus, only a little over two months elapsed between the filing of the original bill and the State's decision to nolle prosequi the case. As per La.Code Crim. Proc. art. 578(2), the State had two years from the institution of prosecution in which to bring the defendant to trial in that case. As such, the State did not nolle prosequi the original case in order to circumvent the statutory limitation on bringing the defendant to trial. In addition, the State reinstituted the prosecution approximately two and a half months after it nolle prosequied the first bill, well within the six-month time limitation it had to reinstitute the charge as per La.Code Crim. Proc. art. 576. Therefore, the State did not violate the defendant's statutory right to a speedy trial.
Nor does it appear that the State violated the defendant's constitutional right to a speedy trial by entering the nolle prosequi in the first case and reinstituting the charge in the present case. As per Barker, the first factor, the length of the delay, is the threshold requirement for any court's review of a speedy trial claim. The reviewing court need not consider the *424 remaining factors unless the delay is "presumptively prejudicial." Love, XXXX-XXXX at p. 16, 847 So.2d at 1210. Moreover, "the peculiar circumstances of the case determine the weight to be ascribed to the length of the delay and the reason for the delay." Id.
Here, a little less than seven months elapsed between the filing of the bill of information in the original case and the quashing of the indictment in the present case. Because this case involves a felony conviction, it does not appear that this delay is presumptively prejudicial. See Pham and Keller, supra. Thus, the court need not consider the other Barker factors.
Moreover, even considering the remaining factors, the State's actions did not violate the defendant's constitutional right to a speedy trial. With respect to the second factor, both parties were responsible for the "delays" in this case. The court granted two continuances on joint motion in the original case. The State nolle prosequied that case less than a month later, which was a little over two months after the original bill was filed. Approximately two and a half months later the State reinstituted the charge in the present case. The defendant failed to appear for determination of counsel approximately a month later, and less than one month after that the court quashed the bill. Thus, the delays in this case were attributable to both parties.
As for the remaining Barker factors, there is no indication that the defendant filed a motion for speedy trial in either the original case or the present case. Nor is there any indication that the defendant showed or even alleged any prejudice from the delay. Although the defendant was incarcerated while the original charges were pending, the record indicates he was out on bond during the pendency of the present case. There was no allegation that evidence was lost or that witnesses became unavailable due to the delays.
As per Love, we give deference to a trial court's ruling on a motion to quash. However, applying the Barker factors to the circumstances of this case, it appears the trial court's ruling was a "palpable abuse" of its discretion.
By its second assignment of error, the State contends that its failure to adhere to the requirements of La.Code Crim. Proc. art. 707 did not warrant the quashing of the bill of information in this case. Art. 707 provides in pertinent part: "A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based . . . . It shall be filed at least seven days prior to the commencement of trial." Although the minute entry of the date the State nolle prosequied the original charge is silent as to any continuance motion, the State acknowledges that it orally moved for a continuance on November 3, 2004, the date of trial, when its witnesses failed to appear. In addition, the trial court included the present case in its May 10, 2005 per curiam indicating that it had quashed the bills of information due to the State's failure to comply with art. 707, by requesting a continuance of trial due to the failure of its witnesses to appear. The State argues, however, that its failure to comply with the mandates of art. 707 did not allow the trial court to quash the bill of information in the present case. At most, it argues, the trial court's most drastic remedy for the State's failure to comply would have been the action it took at the time: denying the continuance. The State is correct that there is no provision for quashing the bill of information for a failure to comply with the mandates of art. 707. Undoubtedly the trial court was frustrated with the State's failure to have its witnesses appear *425 for trial, if indeed this was the reason for the nolle prosequi. However, this frustration cannot serve as a valid basis for quashing the bill of information in this case, where neither the defendant's statutory or constitutional speedy trial right was violated by the State's failure to comply with the requirements of art. 707.
Accordingly, for the foregoing reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.
REVERSED AND REMANDED
NOTES
[1] Ultimately in Gray, this Court reversed the trial court's decision granting the motion to quash, finding that the State had not attempted to gain a tactical advantage and that the defendants had failed to show sufficient prejudice. The Supreme Court granted writs and reversed this court's decision on the grounds that the State had failed to timely move for an appeal from the trial court's granting of the motion to quash. State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.