BONIN, J.,
dissents with reasons.
hi respectfully dissent from the reversal of the trial court’s ruling granting the defendant’s motion to quash. The majority’s evaluation of whether Gaines’ right to a speedy trial was violated ignores two essential considerations. First, in the proper allocation of trial court and intermediate appellate court functions, we are to apply the “abuse of discretion” standard to the trial court’s discretionary decision. State v. Love, 00-3347, p. 9-10 (La.5/23/03), 847 So.2d 1198, 1206-1207. Second, the facts relating to Gaines’ arrest, and the ensuing charges, are highly pertinent, but not treated in the majority’s review of the trial court’s discretionary decision.
The United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 530-531, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) discussed one factor, “length of delay”, in evaluating a claim that a defendant was denied his Sixth Amendment right to a “speedy trial” as follows:
The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex charge.
(all emphasis added)
|2Mr. Gaines was charged with simple possession of heroin, a violation of La. R.S. 40:966(C)(1).[1] There were two police officers, Detectives Leonard Davis and Tommie Felix[2] involved in the chase and arrest *921 of Mr. Gaines. As a result of their search of Mr. Gaines incident to his arrest, they obtained 2 plastic bags, which contained 0.9 grams of heroin. The only other evidence necessary for the prosecution was the criminalist report for which the prosecution gave notice of its intention to use pursuant to La. R.S. 15:499 et seq. in lieu of live testimony of the testing laboratory personnel. We see that this is about as “ordinary” a street crime as they come. It is surely not a “complex” charge.[3]
State v. Reaves, 376 So.2d 136, 138 (La.1979) is instructive on length of delay in a simple case:
Reaves was not subjected to an extremely long delay. He filed his motion to quash after only three and one-half months from the filing of the original bill of information. However, the mere length of the delay does not determine the speedy trial issue. Since this case involves a simple misdemeanor offense, possession of a single marijuana cigarette, the constitution tolerates relatively brief delays. Barker, supra.; Alfred, supra. Accordingly, we must examine the peculiar circumstances of the case to find if the length of the delay and the closely related factor, the reason for the delay, provoke a speedy trial inquiry. Barker, supra.; Alfred, supra.
(emphasis added)
Of course, this is a felony case, but the proof required in this case is not materially more difficult or complex than the simple marijuana case. We are, therefore, still in the realm of the constitution tolerating relatively brief delays.
Our inquiry should then turn to what is a “presumptively prejudicial”, Barker, supra, in an ordinary street crime involving possession of a small amount of heroin. As a guide only, the ABA Standards for Criminal Justice, Third Edition, for “Speedy Trial and Timely Resolution of Criminal Cases” suggests at Standard 12-2.1(b) the following:
ls(b) The presumptive speedy trial limit for persons held in pretrial detention should be [90] days from the date of the defendant’s first appearance in court after the filing of the a charging instrument. The presumptive limit for persons who are on pretrial release should be [180] days from the date of the defendant’s first appearance in court after either the filing of any charging instrument or the issuance of a citation or summons. Shorter presumptive speedy trial time limits should be set for persons charged with minor offenses.
Other sources of guidance are the case disposition time standards which the Conference of Chief Justices and the Conference of State Court Administrators have adopted.[4] Both conferences adopted a 180 day disposition from arrest to trial standard for felonies.
Turning to the “closely related factor, the reason for the delay,” we cannot ignore that the primary cause for the delay in Mr. Gaines’ case was the failure of the trial court to appoint counsel for Mr. Gaines until eight months after his arraignment. This failure was a violation of the Supreme Court’s clear directive in State v. Citizen, 04-1841 (La.4/1/05), 898 So.2d 325. Acting *922 on a writ application from the prosecution, our court on August 16, 2007 ordered the trial court to appoint counsel for Mr. Gaines and others. State v. Kenneth Edwards, 07-0488 (La.App. 4 Cir. 8/16/07) (unpublished). The trial court finally provided counsel to Mr. Gaines about three months after our order.
The other delays from then until the trial judge granted the motion to quash which are wholly unattributable to the defendant were those caused by the failure of the clerk’s office to properly cause the issuance of a subpoena duces tecum when Mr. Gaines’ counsel requested it the first time, and by the police department’s documented indifference to producing the subpoenaed materials. In my review of the record, I detect no “deliberate attempt [by the prosecution] to delay the trial in order to hamper the defense”. Barker, 407 U.S. at 581, 92 S.Ct. 2182.
|4A third factor which is to be weighed is “the defendant’s assertion of his right” to a speedy trial. The trial court, the prosecution, and the majority opinion all acknowledge that Mr. Gaines did timely assert his desire for a speedy trial. The record contains his uncounselled handwritten motion forwarded to the district court from Orleans Parish Prison, where he was incarcerated. In it he states that he has been in custody since January 10, 2007, longer than the sixty days permitted by La. C.Cr.P. art. 701. The motion is signed but undated. However, it contains a handwritten notation, also undated, to a court officer: “Otis — This RTSC [Rule to Show Cause] was reset on 3/12 to 6-15-07 Guy is still in jail.” Later, his court appointed counsel reasserted the demand.
A fourth factor is “prejudice to the defendant”. As the majority opinion notes, Mr. Gaines was brought into court five times in the period between his arraignment and the appointment of counsel.[5] Comparably to Reaves, 376 So.2d at 139, “the requirement of prejudice is not as stringent as it could be in a case of a more serious or violent crime.” A defendant bears burdens “by repeated, futile court appearances [which] may ultimately force him to plead guilty in order to maintain his job and peace of mind.” Id. “[E]ven if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility.” Barker, 407 U.S. at 533, 92 S.Ct. 2182. While the majority opinion correctly notes that State ex rel Miller v. Craft, 337 So.2d 1191, 1195 (La.1976) is distinguishable, nonetheless Mr. Gaines like the citizen in Craft, was “without appointed counsel” for much of the period of delay. Courts recognize the pitfalls of an uneounselled defendant attempting to compete against experienced prosecutors and navigating technical rules of evidence and procedure, and customarily discourage a defendant from representing himself. See \ State v. Strain, 585 So.2d 540, 543 fn. 3 (La.1991). “[T]o deprive a person of counsel during the period prior to trial may be more damaging than denial of counsel during the trial itself.” Maine v. Moulton, 474 U.S. 159, 170, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). His anxiety at court appearances while unrepresented ought to be easily understood. While the period of delay was not as long for Mr. Gaines, neither were his charges as serious as aggravated burglary, which was the offense charged in Craft.
Returning to Barker, 407 U.S. at 534, 92 S.Ct. 2182, we are further instructed in the proper methodology in considering these four factors along with others:
*923 We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. But, because we are dealing with a fundamental right of the accused, this process must be carried out with full recognition that the accused’s interest in a speedy trial is specifically affirmed in the Constitution.
(emphasis added)
A presumptive time limit for speedy trial only means that period of time, exclusive of excusable delays, such as absence of witnesses, competency proceedings, defense continuances, or the defendant’s failure to appear.[6] Complex cases are also deserving of extended presumptive periods.[7] In this simple felony case for the prosecution, Mr. Gaines was without representation after indictment, much less after arrest and incarceration, for a period exceeding the recommended time period for all non-complex felony cases, including those of a much more serious nature than simple possession of 0.9 grams of heroin. Allowing Mr. Gaines to be unrepresented by counsel for such an extended period when the “guy,” all by himself, is calling out from the jail to the court for relief under | (¡Louisiana’s so-called speedy trial statute[8] supports the trial judge’s exercise of discretion to quash the indictment and dismiss the charge against him.
As our court noted in applying the Love, supra, standard of review we are to conduct “an examination of the entire record in order to discern whether there was ‘palpable abuse’ on the part of the trial court in granting the motion to quash. State v. Harris, 03-0524, p. 5 (La.App. 4 Cir. 9/10/03), 857 So.2d 16,18. Harris also involved a simple possession of heroin charge.[9] After its examination of the entire record, the Harris court concluded that the trial judge had not abused his discretion. The trial judge in this case, in my view, did not abuse his discretion and we should uphold his decision.
I, therefore, respectfully dissent.
BONIN, J., dissents with reasons.

. The sentence for this offense is fully suspen-dible.

. Det. Felix has since died in a traffic accident on the St. Claude bridge.

. The information is gleaned from the police gist contained in the record and the prosecution’s pleadings.

. Source: The National Center for State Courts, "Caseflow Management: The Heart of Court Management in the New Milleni-um," by David C. Steelman et ah, p. 158. I readily acknowledge that neither of these sources, nor for that matter the ABA Standards, purport to be declaring constitutional requirements, but rather standards for case dispositions. But they are useful in assessing impermissible constitutional delays.

. Three of these times were after he posted financial bail.

. See Barker, 407 U.S. at 531, 92 S.Ct. 2182: “a valid reason, such as a missing witness, should serve to justify appropriate delay.” Also, see ABA Speedy Trial Standard 12-2.3 "Excluded periods”.

. ABA Speedy Trial Standard 12-2.1(d).

.La.C.Cr.P. art. 701.

. In Harris the delay was longer and the prosecution was culpable for the delay. However, as each speedy trial inquiry is particularized, I do not consider, and the decision does not purport to establish, that the delay in Harris was the minimum period of delay permissible in a simple possession of heroin case to "trigger” the speedy trial inquiry-