692 So.2d 11 (1997)
STATE of Louisiana
v.
Vinh PHAM, et al.
No. 97-K-0459.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 1997.
*12 Harry F. Connick, District Attorney, Michael J. Monistere, Assistant District Attorney, Brian M. Fish, Law Clerk, New Orleans, for Relator.
Andrew Kelly, New Orleans, for Respondent.
Before BARRY, LOBRANO and MURRAY, JJ.
LOBRANO, Judge.
We granted certiorari to consider the trial court's ruling which quashed the bill of information and dismissed the charges against the defendants. The motion to quash was predicated on constitutional grounds as set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and State v. Reaves, 376 So.2d 136 (La.1979). Defendants readily admit that the statutory grounds of Code of Criminal Procedure article 581 (two years for institution of prosecution) and article 701(D) (one hundred eighty days after speedy trial motion is filed) are not present in this case. Thus, our inquiry is whether the peculiar facts of this case justify the delay in going to trial or whether they violate defendants' right to a speedy trial.
On May 23, 1995 the defendants were arrested and subsequently charged with a violation of La. R.S. 4:664, cheating.[1] Those charges were filed under case number 378-996. On October 13, 1995, the charges were nol prossed by the State in order to add another defendant. The reinstituted charges were filed under number 379-052. The minute entries show that trial was initially set for May 20, 1996. However, the State requested a continuance presumably because the U.S. Attorney was also investigating the matter.[2] The next trial date was set for February 4, 1997.[3] On that date, the State nol prossed the charges because the court denied the State's request for a continuance. That continuance was requested because the police officers needed as witnesses were on Mardi Gras detail.
The charges were then refiled on February 10,1997 under new case number 387-706 and reset for trial on March 6, 1997.[4] When the matter was called for trial the State announced it was ready for jury selection, but that its first witness would not be available until the next morning. The trial judge then interjected that "I can't go to trial tomorrow". Defendants' counsel stated that "we're ready to do a judge trial today" and urged its previously filed motion to quash, which the trial judge granted.
In State v. Reaves, supra, the Louisiana Supreme Court recognized the motion to quash as the procedural mechanism for a defendant to assert a violation of his constitutional right to a speedy trial. Citing Barker v. Wingo, supra, the court noted that "analyzing an allegation of deprivation of the right to a speedy trial, the court will consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice which the defendant has suffered". State v. Reaves, supra at 138.
The chronology of this case can be summed as follows. The case was set for trial four times, including the March 6th date. The minute entry does not reflect why the February 27, 1997 date was continued, but one trial date was continued by the state (May 20, 1996), and the other (February 4, 1997) did not take place because of the nolle prosequi by the State. That nolle prosequi was not done to avoid time limitations, but was the result of the trial court's denial of continuance sought by the State because of the unavailability of police officers who were on extra duty because of Mardi Gras. Defendant argues that the numerous status conferences requested by the State are "de facto" continuances, although the minute entries *13 are unclear as to the reasons for those conferences being continued.
Regardless, we conclude that defendants have not been exposed to such an unreasonable length of delay as to justify a dismissal of the charges against them. The delay was justified in many instances and, unlike the misdemeanor charge in State v. Reaves, supra, the charge in the instant matter is a felony, and thus the tolerance for delay is greater. Furthermore, we cannot conclude that the inconvenience alleged by defendants of having to travel to New Orleans from Houston is so prejudicial as to rise to constitutional proportions necessitating dismissal of the charges.
The judgment of the trial court is reversed, the motion to quash is denied, the order releasing the evidence to defendants is set aside, the stay order is recalled and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] R.S. 4:664 was redesignated as R.S. 27:264 by Section 3 of Acts 1996, 1st Ex.Sess. No. 7.
[2] See minute entry of May 20, 1996.
[3] The minute entry of June 25, 1996 shows that trial was erroneously set for July 24, 1996. In fact, only a status conference was set that date.
[4] The minute entries from May through December of 1996 reflect various status conferences that were set and then continued. Also there is reference to a February 27, 1997 trial date in the minute entry and a continuance by the State on that date. The minute entry does not state a reason for the continuance.