929 So.2d 182 (2006)
STATE of Louisiana
v.
Dontrell BROWN.
No. 2005-KA-1090.
Court of Appeal of Louisiana, Fourth Circuit.
March 22, 2006.
*183 Eddie J. Jordan, Jr., District Attorney, Autumn L. Cheramie, Assistant District Attorney, New Orleans, Counsel for Plaintiff/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
PATRICIA RIVET MURRAY, Judge.
This is a criminal appeal. The State is the appellant. The sole issue presented is *184 whether the trial court erred in granting the motion to quash filed by the defendant, Dontrell Brown. Answering this question in the affirmative, we reverse.

STATEMENT OF THE CASE
On May 18, 2004, under case number 448-502, Mr. Brown was charged by bill of information with one count of simple burglary, a violation of La. R.S. 14:62. On December 20, 2004, the State entered a nolle prosequi. On January 12, 2005, the State reinstituted the charge under case number 455-222. On February 28, 2005, Mr. Brown filed a motion to quash the bill of information. On March 18, 2005, the trial court granted the motion.

STATEMENT OF THE FACTS
The facts of this case are unknown and not relevant.[1]

DISCUSSION
As noted at the outset, the only issue raised in this appeal is whether the trial court erred when it granted Mr. Brown's motion to quash the bill of information. The trial court gave no reasons at the time it ruled, nor does the transcript of the hearing reflect any argument by the parties.
On May 10, 2005, six weeks after it granted the motion to quash in the instant case, the trial court issued a per curiam referencing this and about twenty-five other cases, some of which were misdemeanors. In the per curiam, the court confirmed that it quashed the bills of information because the State dismissed the charges after the court had denied its motions to continue. The court further stated that none of the State's motions for continuance conformed to La.C.Cr.P. art. 707, which requires a motion to continue to be in writing and filed seven days before trial.
In his written motion, Mr. Brown contended that his constitutional right to a speedy trial was denied when the State entered a nolle prosequi and then reinstituted the charge. Mr. Brown averred that the State entered the nolle prosequi when the trial court denied the State's motion to continue. In its brief, the State argues that it has the authority to dismiss and reinstitute criminal charges, and that its decision to do so in this case did not result in a violation of Mr. Brown's constitutional right to a speedy trial.
The State is correct that it has the authority to enter a nolle prosequi and reinstitute the charge. Both the Louisiana Supreme Court and this court have recognized this authority; however, the jurisprudence has also recognized that this authority may be overborne under the circumstances of any given case by the defendant's constitutional right to a speedy trial. State v. Love, XXXX-XXXX (La.5/23/03), 847 So.2d 1198; State v. Scott, XXXX-XXXX (La.App. 4 Cir. 7/27/05), 913 So.2d 843.
The State's authority to dismiss any prosecution without the consent of the court is recognized in La.C.Cr. P. art. 691. Under La.C.Cr.P. art. 576, the State is authorized to reinstitute the charges within six months of dismissal. In this case, the State reinstituted the charges against Mr. Brown twenty-two days after the dismissal. *185 The State, however, is required to show that the dismissal of the original prosecution was not for the purpose of avoiding the time limitations set by Article 578. Given that the charge at issue in this case is a non-capital felony (simple burglary), Article 578 required the State to bring Mr. Brown to trial within two years from the date of the bill of information. La. C.Cr. P. art. 578. The original bill of information was filed on May 18, 2004, and the motion to quash was granted on March 18, 2005, exactly ten months later. The State nolle prosequied the first bill of information seven months after the bill was filed. The State did not dismiss the first case in order to avoid the time limitations of Article 578. Thus, Mr. Brown's statutory right to a speedy trial had not been violated at that point. The issue is thus whether the constitutional requirement was satisfied.
A defendant challenging the State's nolle prosequi and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 00-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. The proper procedural mechanism for challenging the State's nolle prosequi and reinstitution of charges is a motion to quash. State v. Reaves, 376 So.2d 136, 137-38 (La.1979). "[A]n appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion." Love, XXXX-XXXX at pp. 9-10, 847 So.2d at 1206. This court has further noted that "the proper approach to the question of whether the defendant's right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was `palpable abuse' on the part of the trial court in granting the motion to quash." State v. Harris, XXXX-XXXX (La. App. 4 Cir. 9/10/03), 857 So.2d 16 (quoting Love, XXXX-XXXX at p. 14, 847 So.2d at 1209).
It is well settled that the standard for analyzing a defendant's claim that his constitutional right to a speedy trial was violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); to-wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The first factorthe length of the delayis often referred to as the "triggering mechanism" because unless the delay is "presumptively prejudicial," no further inquiry into the other Barker factors is required. Love, XXXX-XXXX at p. 16, 847 So.2d at 1210. Furthermore, the circumstances of each individual case determine the weight to be ascribed to the length of the delay and the reason for the delay. Reaves, 376 So.2d at 138. Because the complexity of the particular case must be taken into consideration, a delay that is acceptable in one case may not be acceptable in another. Gray v. King, 724 F.2d 1199, 1202 (5th Cir.1984)(citing Barker, 407 U.S. at 531, 92 S.Ct. 2182). The manner of proof must also be considered, as must the gravity of the alleged crime. Id.
Analyzing Mr. Brown's alleged speedy trial violation under the first Barker factor, we note the record reflects that ten months elapsed from the State's filing of the first bill of information (May 18, 2004) until the granting of the defense's motion to quash (March 18, 2005). In State v. Gray, 98-0347 (La.App. 4 Cir. 10/21/98), 766 So.2d 550, in which there was an eleven-month delay, this court suggested that the delay may not be presumptively prejudicial as most prior cases had involved delays of more than one year. See State v. *186 Leban, 611 So.2d 165 (La.App. 4 Cir.1992)(finding a sixteen-month delay was prejudicial); State v. Firshing, 624 So.2d 921 (La.App. 4 Cir.1993)(finding a seventeen-month delay was prejudicial). However, the Court evaluated the remaining Barker factors because of State v. Reaves, 376 So.2d 136 (La.1979), where the court had found a delay of three and one-half months in a misdemeanor case to be a violation of the defendant's right to a speedy trial.[2]
Considering that there was a delay of only ten months in this case, and it involved a felony and not a misdemeanor as in Reaves, it is certainly arguable that the delay was not presumptively prejudicial. A similar conclusion was reached by this Court in State v. Pham, 97-0459 (La.App. 4 Cir. 3/26/97), 692 So.2d 11, where the Court found that a nine-month delay for a defendant forced to travel from Houston to New Orleans after being charged with cheating at gaming did not merit the granting of a motion to quash. See also State v. Keller, XXXX-XXXX (La.App. 4 Cir. 10/1/03), 859 So.2d 743 (finding a six and one-half month delay between the filing of the first bill of information and the granting of the motion to quash the reinstituted bill was not presumptively prejudicial and that the trial court had abused its discretion when it granted the motion to quash).
Even assuming the delay in this case was presumptively prejudicial, a consideration of the other Barker factors does not preponderate in Mr. Brown's favor.
The second factor relates to the reason for the delay. In that regard, we note that the procedural history of this particular case was as follows:
 On June 7, 2004, Mr. Brown, who had been released on bond on April 7, 2004, appeared and was arraigned.
 A motion hearing was set for June 21, 2004, but it was continued upon motion of the defense to July 30, 2004.
 On July 30, 2004, the pretrial motion hearing was held and the trial court found probable cause to substantiate the charge and set trial for September 9, 2004, apparently without objection by the defense to the six-week delay.
 On September 9, 2004 and on October 7, 2004, the trial was continued upon joint motion of the State and the defense. The trial was rescheduled for December 17, 2004, again apparently with no objection by the defense to the two-month delay.
 On November 12, 2004, the trial court on its own motion rescheduled the trial from December 17th to December 20th because the court was going to be closed on December 17th. According to the November 12th minute entry, notice of the new trial date was to be sent to both the State and the defense.
 On December 20, 2004, when the parties appeared for trial, the State entered a nolle prosequi.

 On January 12, 2005, the State filed a new bill of information.
 Although arraignment was set for January 26, 2005, Mr. Brown did not appear. The trial court reset the arraignment for February 4, 2005, and directed that notice be sent to Mr. *187 Brown by mail and that notice also be sent to the surety.
 When Mr. Brown did not appear on February 4, 2004, the trial court again directed that notice be sent by mail to Mr. Brown. The court also scheduled a hearing on motions and the trial for February 28, 2005.
 On February 28, 2005, the defense counsel filed a motion to quash; Mr. Brown did not appear. The trial court set the motion to quash for hearing on March 14, 2005 and noted that Mr. Brown's presence was not required.
 On March 18, 2005, the trial court granted the motion to quash.
As the above summary reflects, the first two of the four scheduled trial dates were continued upon joint motion of the parties. The third setting was continued by the trial court on its own motion. On the fourth setting, the State entered the nolle prosequi after the trial court denied its motion to continue. Notably, the record fails to show that either the defense or the State was present on November 12, 2004, when the trial court on its own motion reset the trial from December 17th to December 20th. Thus, it is unknown at what point the State learned that the trial date had been rescheduled. However, according to the trial court in its per curiam, it would have granted a continuance if the State had given a good reason, despite the State's failure to comply with La.C.Cr.P. art. 707.
The third Barker factors relates to the defendant's assertion of the right to speedy trial. The record does not reflect that Mr. Brown ever asserted his right to a speedy trial, either in writing or otherwise, before filing the motion to quash. Nor does the record reflect that Mr. Brown objected to any of the continuances.
The fourth, and final, Barker factor is the prejudice to the defendant caused by the delay. Mr. Brown had moved for and been granted a continuance of the pretrial motion hearing and joined in two continuances of the trial. He was out on bond throughout the proceedings. He only appeared in court a total of six times and never made a court appearance after the State entered a nolle prosequi and then reinstituted the charge. The mailing address to which notices were sent was a local address thus Mr. Brown was not required to travel to attend court. There is no indication in the record that Mr. Brown lost any witnesses or that the State gained a tactical advantage by dismissing the charge and reinstituting it later aside from obtaining a continuance of the trial to which the court felt it was not entitled.
In this case, the trial court's decision granting the motion to quash was prompted by its desire to require the district attorney's office to comply with the criminal procedural rules regarding continuances. We are required to give deference to the trial court's decision to grant the motion to quash. Love, supra. However, taking into consideration the other factors, the minimal length of the delays in this case, and the harsh nature of the remedy, we conclude that, even giving deference to that decision, the trial court abused its discretion in granting the motion to quash. We thus find the State's assignment of error has merit.

DECREE
For the foregoing reasons, the trial court's ruling is reversed and the matter remanded for further proceedings.
REVERSED AND REMANDED.
LOVE, J., concurs in the result.
NOTES
[1] Because there was no trial, there is no transcript to show the underlying facts of the offense. However, the exhibit record from case number 448-502 contains a copy of the initial police report. According to the report, New Orleans Police Department officers responded to a burglar alarm at Walter L. Cohen High School. The officers discovered Mr. Brown in a first floor hallway holding a bag. Upon observing the officers, Mr. Brown dropped the bag and fled from the building. He was subsequently found hiding under a truck and was arrested for simple burglary.
[2] Ultimately in Gray, this Court reversed the trial court's decision granting the motion to quash, finding that the State had not attempted to gain a tactical advantage and that the defendants had failed to show sufficient prejudice. The Supreme Court granted writs and reversed this Court's decision on the grounds that the State had failed to timely move for an appeal from the trial court's granting of the motion to quash. State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.