MICHAEL E. KIRBY, Judge.

STATEMENT OF CASE

On November 16, 2004, the state filed a bill of information in case number 453-774 charging defendant, Kevin J. Williams, with illegal possession of stolen property, in violation of La. R.S. 14:69(A). Defendant pleaded not guilty at his arraignment on November 30, 2004. A hearing on motions was set for December 21, 2004. The docket master notes that the trial court continued the motion hearing to January 14, 2005. The docket master also notes that the police officer in this matter failed to appear for the January 14, 2005, hearing, and that the trial court found no probable cause and set a trial date of February 28, 2005. On that date, the state moved orally for a continuance that was denied by the trial court. The state entered a nolle prosequi, and defendant was released.
The case was reinstated approximately three months later on June 1, 2005, as case number 459-904 which was allotted to Section “K” to follow the previous case, 453-774. On June 24, 2005, defendant appeared for arraignment, entered a plea of not guilty, and made an oral motion to quash the bill of information. Defendant filed a written motion to quash later on June 24, 2005, wherein he stated: “State was denied Motion to Continue and therefore nolle prosequied the |2case, and has since re-instituted. As a result the defendant’s constitutional right to a speedy trial was denied. As a result the bill of information should be quashed.” A hearing on motions was set for July 22, 2005. On that date, the trial court granted defendant’s motion to quash bill of information. The record does not contain trial court’s reasons for granting the defendant’s motion. The state appeals.

STATEMENT OF FACT

A recitation of the facts of the offense is irrelevant to the issues raised by the state on appeal.

DISCUSSION

The state argues that the trial court erred in granting the defendant’s motion to quash based on the denial of his right to a speedy trial. Although the trial court did not give reasons for granting the motion to quash, the only ground raised in the defendant’s motion was the denial of his constitutional right to a speedy trial.
*1160 The state argues correctly that it has the authority to enter a nolle prosequi and reinstitute the charges. Both this court and the Louisiana Supreme Court have recognized this authority, but have also recognized that it may be overborne under the circumstances of any given case by the defendant’s constitutional right to a speedy trial. See State v. Love, 2000-3347 (La.5/23/03), 847 So.2d 1198, and State v. Scott, 2004-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843. In Scott, this court discussed the factors to be considered with regard to a defendant’s constitutional right to a speedy trial:
|sThe right to a speedy trial is guaranteed by both the federal and state constitutions. U.S. Const. Amendment 6; La. Const. Art. I, § 16. In addition to the statutory right to a speedy trial recognized by La.C.Cr.P. art. 701(A), a defendant also has a fundamental, constitutional right to a speedy trial. In analyzing a constitutional speedy trial violation claim, the four factor test forth in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) is applied; to wit: (1) the length of the delay, (2) the reason for the delay, (3) the defendant’s assertion of his right to a speedy trial, and (4) the prejudice to the defendant. The initial factor, the length of the delay, is often referred to as the “triggering mechanism” because absent a “presumptively prejudicial” delay, further inquiry into the Barker factors is unnecessary. See State v. Santiago, 03-0693 (La.App. 4 Cir. 7/23/03), 853 So.2d 671. Under Barker, the peculiar circumstances of the case determine the weight to be ascribed to the length of the delay and the reason for the delay. State v. Reaves, 376 So.2d 136, 138 (La.1979). Something that is acceptable in one case may not be acceptable in another because the complexity of the case must be considered. Gray v. King, 724 F.2d 1199, 1202 (5th Cir.1984), citing Barker, 407 U.S. at 531, 92 S.Ct. 2182. The manner of proof must also be considered, as must the gravity of the alleged crime. Id.
A defendant challenging the state’s dismissal and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 00-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142.
2004-1142 at pp. 11-12, 913 So.2d at 850-851.
In Love, the Supreme Court discussed the relationship of the appellate and trial courts and stated:
Because of the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.
2000-3347 at pp. 9-10, 847 So.2d at 1206.
LAdditionally, in State v. Harris, 2003-0524, p. 4 (La.App. 4 Cir. 9/10/03), 857 So.2d 16, 18, this court wrote:
Thus, ... the proper approach to the question of whether the defendant’s right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was “palpable abuse” on the part of the trial court in granting the motion to quash.
*1161 Recently, in State v. Batiste, 2005-1571, p. 5 (La.10/17/06), 939 So.2d 1245, 1249, the Supreme Court stated:
A court’s resolution of motions to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. State v. Love, 00-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209. In those cases “where it is evident that the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant, such as putting the defendant at risk of losing witnesses, the trial court should grant a motion to quash and an appellate court can appropriately reverse a ruling denying a motion to quash in such a situation.” Id.
In Batiste, the court found that the reason for the dismissal of the earlier charge was because the victim was unavailable to testify. The court then considered the defendant’s speedy trial claim and found that although nineteen months elapsed between the filing of the original bill and the quashing of the charges in the second case, the reasons for the delay were not solely those of the state. The court found that there was no intentional delay on the state’s part to gain a tactical advantage, that the defendant did not assert his speedy trial right prior to filing his motion to quash, and that there was no suggestion that his defense was impaired by the delay. The court then reversed the trial court’s quashing of the charge and this court’s affirmation of the trial court’s ruling.
|fiUnder Barker, the first question is whether the delay was sufficient to act as a triggering mechanism. In this case, we conclude that it was not. Only eight months elapsed from the filing of the original bill of information to the granting of the motion to quash. While the Supreme Court held in State v. Reaves, 376 So.2d 136 (La.1979), that a delay of three and one-half months was sufficient to violate the defendant’s rights, that case involved misdemeanor possession of marijuana, not a felony as in the instant case, and the defendant in Reaves repeatedly made fruitless court appearances until he was forced to enter a guilty plea. In this case, the defendant made five court appearances prior to the filing of the motion to quash; two were arraignments, two were motion hearings, and one was an appearance for trial. On the day of the scheduled trial, the state asked for a continuance and the trial court granted the motion to quash. The record does not reveal the reasons for the state’s request for a continuance.
Furthermore, this court has more recently determined that delays of less than a year were not sufficient to trigger a consideration of the other Barker factors. For example, in State v. Pham, 97-0459 (La.App. 4 Cir. 3/26/97), 692 So.2d 11, this court found that a nine-month delay for a defendant forced to travel from Houston to New Orleans after being charged with cheating at gaming did not merit the granting of a motion to quash. In State v. Keller, 2003-0986 (La.App. 4 Cir. 10/1/03), 859 So.2d 743, this court held that a six and one-half month delay between the filing of the first bill of information and the granting of the motion to quash the reinst-ituted bill was not presumptively prejudicial and that the trial court had abused its discretion when it granted the motion to quash. In State v. Gray, 98-0347 (La.App. 4 Cir. 10/21/98), 766 So.2d 550, there was an eleven-month delay. The court sug *1162 gested that the delay might not be presumptively prejudicial, as most | fiprior cases considered by the court had involved delays of more than one year. However, the court evaluated the remaining Barker factors because of Reaves and ultimately reversed the trial court’s decision granting the motion to quash finding that the state had not attempted to gain a tactical advantage and that the defendants had failed to show sufficient prejudice.[1]
Unlike in Batiste, the state’s reasons for asking for a continuance on February 28, 2005, are not present in the record. Nonetheless, considering the short amount of time between the filing of the original bill of information and the granting of the motion to quash, this court cannot uphold the trial’s court’s ruling on defendant’s motion to quash. No intentional delay on the state’s part to gain a tactical advantage has been shown. Further, it does not appear that the defendant was in custody during any of the proceedings. Moreover, defendant failed to assert his speedy trial right prior to filing his motion to quash. Additionally, defendant has failed to argue that his defense was impaired by the delay. The trial court’s decision to quash the bill of information was an abuse of discretion warranting reversal.

CONCLUSION:

For the foregoing reasons the ruling of the court below is reversed and the case remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.

. The Louisiana Supreme Court granted writs and reversed this court's decision because the state failed to timely move for an appeal from the trial court's granting of the motion to quash. State v. Gray, 98-2902 (La.5/7/99), 740 So.2d 1291.