ROLAND L. BELSOME, Judge.
hFACTS
On February 20, 2004, in case number 445-864, the State filed a Bill of Information charging Christopher Harvey with one count of simple burglary, in violation of La. R.S. 14:62. The defendant failed to appear for arraignment on March 30, 2004, April 6, 2004, and April 14, 2004. On April 22, 2004, the defendant appeared for arraignment and pled not guilty. That same day, the court found the defendant in contempt of court for failing a drug test and fined him $100.00. Motion hearings were then set for May 14, 2004; however, the defendant again failed to appear, and the court subsequently issued an alias capias for his arrest. The defendant was arrested on August 29, 2004, pursuant to the alias capi-as, and after a status hearing, the case was set for hearing on October 1, 2004. On that date, the court found no probable cause when the State was not prepared to proceed with the motion hearings. The court then set the matter for trial on November 8, 2004. On that date, the defendant again failed to appear, and the case was reset for November 23, 2004. On November 23, 2004, the State requested a continuance based on the unavailability of one of its witnesses, which the court denied, and the State dismissed the charges.
*686 li»On December 9, 2004, the State reinsti-tuted charges under case number 454-843, charging the defendant with simple burglary. The defendant again failed to appear for his arraignment on December 20, 2004, and another alias capias was issued for his arrest. The defendant was arrested on January 23, 2005, and appeared for arraignment as to the reinstituted Bill of Information on January 26, 2005. The matter was set for trial on February 24, 2005, at which time the defendant appeared, but failed to stay until his case was called. After the failure to appear for trial, a third alias capias was issued for the defendant’s arrest, and he was arrested on March 20, 2005. On April 19, 2005, the trial court set a motions hearing and trial for May 5, 2005. On that date, the defendant filed an oral Motion to Quash, which the trial court granted that same day.[1]
ASSIGNMENT OF ERROR
The sole issue in this appeal is whether the trial court erred when it granted the defendant’s Motion to Quash.
DISCUSSION
In his Motion to Quash, the defendant argues that his constitutional right to a speedy trial was denied when the State entered a nolle prosequi and then reinsti-tuted the charges after the State was denied a continuance. According to the transcript of the hearing on the motion to quash, the trial court granted the motion because the State failed to file a motion for continuance in conformity with La.C.Cr.P. art. 707, which provides that a motion for a continuance must be in writing, must specifically allege the grounds upon which it is based, and must be filed at least seven days prior to the commencement of trial.
|sThus, the State argues that granting the defendant’s motion to quash was not an appropriate response to the State’s failure to comply with La.C.Cr.P. art. 707. We note that La.C.Cr.P. arts. 532[2] and 534 [3] specifically set forth the particular grounds upon which a motion to quash may be granted; the record in this case *687 does not demonstrate that the defendant’s motion to quash asserts any of the grounds in either Article 532 or Article 534. Put another way, the Louisiana Code of Criminal Procedure does not provide for quashing a bill of information for failure to comply with the mandates of La.C.Cr.P. art. 707, and we find that the trial court erred to the extent that it quashed the bill of information pursuant to La.C.Cr.P. art. 707. State v. Polk, 2005-1118, pp. 3-4 (La.App. 4 Cir. 5/31/06), 933 So.2d 838, 840-841.
Regarding the issue of the reinstitution of charges, we note that a defendant challenging the State’s dismissal and subsequent reinstitution of charges bears the burden of proving a violation of his constitutional right to a speedy trial. State v. Henderson, 2000-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. A |4court shall evaluate whether a defendant’s constitutional right to a speedy trial has been violated on a case-by-case basis. State v. Batiste, 2005-1571, p. 5 (La.10/17/06), 939 So.2d 1245, 1249 (citing State v. Love, 2000-3347, p. 14 (La.5/23/03), 847 So.2d 1198, 1209).
This Court recently revisited the issue of the State’s authority to enter a nolle prosequi and subsequently reinstitute prosecution in State v. Brown, 2005-1090 (La.App. 4 Cir. 3/22/06), 929 So.2d 182. In Brown, this Court reiterated that pursuant to La.C.Cr.P. art. 691[4], the State has authority to dismiss any prosecution without the consent of the court, and moreover, pursuant to La.C.Cr.P. art. 576[5], the State is authorized to reinstitute the charges within six months of the dismissal. Brown, 05-1090, p. 3, 929 So.2d at 184.
The United States Supreme Court set forth four factors to be considered by courts when evaluating whether a defendant’s right to a speedy trial has been violated: 1) the length of the delay; 2) the reasons for the delay; 3) the accused’s assertion of his right to a speedy trial; and 4) the prejudice to the accused resulting from the delay. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101. 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Additionally, courts must also carefully evaluate whether “the district attorney is flaunting his authority for reasons that show that he wants |Kto favor the State at the expense of the defendant” by causing a defendant to lose evidence or witnesses. Batiste, 05- *688 1571, p. 5, 939 So.2d at 1249 (quoting Love, 00-3347, p. 14, 847 So.2d at 1209).
In this case, the State filed the original bill of information on February 20, 2004. Although fifteen months elapsed between the filing of the original bill of information and the grant of the defendant’s Motion to Quash, a review of the record demonstrates that approximately six months of the delay was attributable to the defendant. The case was dismissed on November 23, 2004, and the State reinstituted the case approximately two weeks later. Pursuant to the guidelines mandated by La. C.Cr.P. art. 578(2),[6] the State did not exceed the two-year deadline from the institution of prosecution in which to bring the defendant to trial in this case. Moreover, it appears the defendant’s first assertion of his right to a speedy trial was the motion to quash the information upon refiling of charges after the initial dismissal.
We do not agree that the State violated the defendant’s constitutional right to a speedy trial by reinstituting the charges in this ease. The first factor mandated by Barker, supra, the length of the delay, is the threshold requirement for any court’s review of a speedy trial claim. Thus, the Louisiana Supreme Court has held that the reviewing court need not consider the remaining Barker factors unless the delay is “presumptively prejudicial,” noting that the particular facts and circumstances of each case will “determine the weight to be ascribed to the length of the delay and the reason for the delay.” Love, 00-3347, p. 16, 847 So.2d at 1210.
Lin this case, approximately fifteen months elapsed between the filing of the bill of information in the original case and the quashing of the bill of information. The record indicates that on at least seven occasions, this case was reset because the defendant either failed to remain in court until his case was called or failed to appear in court at all. Accordingly, we find that the delay in this case was not due to the fault of the State, as the State received only one continuance from the trial court, and the only delay attributable to the State was the two-week period between the dismissal and reinstitution of the charges. Therefore, we find that it is unnecessary to consider the other two Barker factors.
Even if the remaining factors are taken into consideration, however, the State’s actions did not violate the defendant’s constitutional right to a speedy trial. With respect to the remaining Barker factors, there is no indication that the defendant filed a motion for speedy trial in the case, nor any evidence that he objected to the State’s one continuance. Additionally, there has been no allegation of prejudice suffered by the defendant, as he does not contend he has lost evidence or witnesses. Because the particular facts of this case demonstrate no evidence that the defendant’s right to a speedy trial was violated, nor do the facts demonstrate that the district attorney’s office flaunted its authority at the expense of the defendant, this Court must find that the trial court abused its discretion in granting the motion to quash. *689 Accordingly, we remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED.

. Defense counsel subsequently supplemented the oral motion with a written motion on May 6, 2005.

. La.C.Cr.P. art. 532 sets forth the general grounds upon which a motion to quash may be based:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4)The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.

.Likewise, La.C.Cr.Pr. art. 534 sets forth special grounds upon which a motion to quash may be based:
(1) The information was not signed by the district attorney; or was not properly filed.
(2) The offense is not one for which prosecution can be instituted by an information.

. La.C.Cr.P. art. 691 provides, in pertinent part:
The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court. The dismissal may be made orally by the district attorney in open court, or by a written statement of the dismissal signed by the district attorney and filed with the clerk of court. The clerk of court shall cause the dismissal to be entered on the minutes of the court.

. La.C.Cr.P. art. 576 provides, in pertinent part:
When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant's consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.

. La.C.Cr.Pr. art. 578 provides, in pertinent part:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1)In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.