JOAN BERNARD ARMSTRONG, Chief Judge.
I,The State of Louisiana appeals the granting of the defendant Wayne J. Cut-no’s motion to quash the bill of information charging him with possession of cocaine.
The defendant was originally charged by bill of information on November 22, 2006, with possession of cocaine, a violation of La. R.S. 40:967(0(2). The defendant pleaded not guilty at his December 18, 2006 arraignment. On January 25, 2007, the defendant appeared for a hearing on motions, but the trial court reset it to *424 January 29, 2007. The defendant appeared for a motion hearing on January 29, 2007, which, after one police officer testified, was continued on motion of the defendant. On March 2, 2007, the defendant appeared for a motion hearing, but the matter was continued on motion of the defendant. On March 23, 2007, the trial court denied the defendant’s motions to suppress the evidence and statement. On April 4, 2007, defense counsel appeared without the defendant for filings in open court. The defendant appeared for trial on May 10, 2007, but it was continued on motion of the defendant. On June 28, 2007, trial was continued on the joint motion 12of the defendant and the State. On September 5, 2007, trial was continued on motion of the defendant. On November 7, 2007, after the defendant asked for a jury trial and prospective jurors had arrived, the State moved for a continuance because of a missing police witness. The trial court denied the motion for continuance, and the State nolle prosequied the case, reserving its right to reinstitute prosecution.
On January 10, 2008, the State charged the defendant again with possession of cocaine, a violation of La. R.S. 40:967(0(2). The defendant pleaded not guilty at his February 12, 2008 arraignment. On March 19, 2008, trial was continued on motion of the defendant. On May 20, 2008, the defendant filed a motion to quash, and the trial court reset trial to the following day. On May 21, 2008, trial was continued to July 16, 2008 on motion of the defendant. On July 16, 2008, after a hearing, the trial court granted the defendant’s motion to quash. The State filed a notice of appeal on July 17, 2008. The trial court granted the appeal on November 6, 2008.
The defendant was charged with having possessed cocaine on June 8, 2006.
On November 7, 2007, the defendant announced he was ready for trial. Thereafter, the State responded affirmatively when the trial court asked if it had announced that it was ready for trial as to the defendant. The court subsequently verified that the defendant was ready for trial, and thereafter the defendant stated that he was ready for trial by jury. The trial court called for a one-defendant, six-person jury. The prospective jurors entered the courtroom and were addressed by Lthe trial court. The trial judge introduced herself to the prospective jurors and identified the defendant and his counsel, one Assistant District Attorney, and stated that another Assistant District Attorney would be joining them in a minute. The trial court advised the jury of the offense for which the defendant was to be tried, that it required a six-person jury, and that it would be a one-day trial. At that point the late-arriving Assistant District Attorney asked to approach the bench. Following a bench conference, the trial court advised the prospective jurors that it would not be needing a jury that day and thanked them.
The Assistant District Attorney represented to the court that an essential police officer witness had not appeared for trial because his wife had delivered a baby the night before. Counsel advised that this was unknown to the State prior to counsel’s supervisor personally tracking down and speaking with the officer. The State moved for a continuance on the ground that an essential witness could not be present due to family circumstances.
Defense counsel noted that pursuant to La.C.Cr.P. art. 709, when making such a motion a party was required to state the facts to which the witness was to testify, showing the materiality of the testimony and the necessity of it, and facts showing a probability the witness would appear the *425 next time the case was set for trial. The State mentioned that it had a motion hearing transcript containing the police officer’s testimony, and it stated that if defense counsel would stipulate to it the State would be prepared to go to trial. Defense counsel stated that the defendant would stipulate to what the officer said in the motion hearing transcript. |4The Assistant District Attorney asked to verify that she could do that. Defense counsel noted that he thought District Attorney supervisors did not permit section Assistant District Attorneys to do that. The Assistant District Attorney then moved for a continuance, which the trial court denied. The trial court then verified for the record that the officer did not communicate to the State at any point in time, until the Assistant District Attorney prosecuting the case was trying to find him when the court was calling for the jury for the defendant’s trial. The trial court again denied the motion to continue. The State then nolle prosequied the case, reserving its right to reinstitute prosecution.
On January 10, 2008, the State reinsti-tuted prosecution. On May 20, 2008, the defendant filed a motion to quash on the grounds of double jeopardy, due process and collateral estoppel. The defendant represented that on November 7, 2007, when trial was set, he had four witnesses present in court to testify on his behalf. The defendant alleged in his motion to quash that the State nolle prosequied the case that day over his objection. The defendant accurately noted that the State reinstituted prosecution two months later. The defendant stated that he had been unable to secure the appearances of three of the four witnesses he had on November 7, 2007, and thus had suffered actual prejudice due to the State’s utilization of its nolle prosequi power.
On July 16, 2008, the case came for trial. Counsel for the defendant argued his motion to quash. The trial court noted that the record reflected that two defense witnesses were present in court on November 7, 2007, and had been served to be |fithere on that date. The trial court said “[tjhey were all served to be in court for November 7, 2007,” apparently meaning those two and any other defense witness or -witnesses. The court noted that the November 7, 2007 nolle prosequi signed by the Assistant District Attorney stated as the reason therefore: “Police officer not available. Refused to come. Continuance denied.” The court noted that there had been no formal motion to continue with a reason for a failure to appear for prosecution of the case.
The trial court asked the Assistant District Attorney on July 16, 2008 if the State was ready to proceed, and he replied that the State was ready. The trial court stated that in light of that fact, it was denying the motion to quash, but noted that it took a dim view of “these reinstitutions.”
Counsel for the defendant continued to argue his motion to quash. The trial court agreed with defense counsel that the defendant’s witnesses had been in court on November 7, 2007 for the trial scheduled for that day. The trial court also noted that one of the witnesses was from Georgia. At that point the trial court granted the defendant’s motion to quash.
In the State’s sole assignment of error, it argues that the trial court erred in granting the defendant’s motion to quash.
The defendant’s motion to quash was based on the State’s reinstitution of prosecution two months after nolle prosequing his bill of information when the trial court denied the State’s oral motion for a continuance on November 7, 2007.
*426 6 State v. Harvey, 2006-1196 (La.App. 4 Cir. 4/4/07), 956 So.2d 684, the trial court granted the defendant’s motion to quash where, as in the instant case, the State nolle prosequied a case against the defendant after the trial court denied its oral motion for continuance made on the day of trial, and subsequently reinstituted prosecution. The defendant in Harvey was charged by bill of information on February 20, 2004, with simple burglaiy. The defendant failed to appear for arraignment on March 30, 2004, April 6, 2004, and April 14, 2004. On April 22, 2004, the defendant appeared for arraignment and pleaded not guilty. The defendant failed to appear for a motion hearing on May 14, 2004. The defendant was arrested pursuant to a capi-as on August 29, 2004, and the case was set for a motion hearing on October 1, 2004. On that date, the court found no probable cause when the State was not prepared to proceed. The court then set the matter for trial on November 8, 2004. On that date, the defendant again failed to appear, and the case was reset for November 23, 2004. On November 23, 2004, the State requested a continuance based on the unavailability of one of its witnesses, which the court denied, and the State nolle prosequied the charges'.
The State reinstituted simple burglary charges against the defendant in Harvey on December 9, 2004. The defendant again failed to appear for his arraignment on December 20, 2004, and an alias capias was issued for his arrest. The defendant was arrested on January 23, 2005, and appeared for arraignment on January 26, 2005. The matter was set for trial on February 24, 2005, at which time the defendant appeared, but failed to stay until his case was called. After the 17failure to appear for trial, a third alias capias was issued for the defendant’s arrest, and he was arrested on March 20, 2005. On April 19, 2005, the trial court set a motion hearing and trial for May 5, 2005. On that date, the trial court granted the defendant’s oral motion to quash, after denying an oral motion to continue.
As in the instant case, the defendant in Harvey had argued in his motion to quash that his constitutional right to a speedy trial was denied when the State entered a nolle prosequi and then reinstituted the charges after the State was denied a continuance. In Harvey, the trial court denied the State’s November 23, 2004 motion to continue made on the day of trial on the ground that the State failed to file a motion for continuance in conformity with La.C.Cr.P. art. 707. Under La.C.Cr.P. art. 707, a motion to continue must be in writing, must specifically allege the grounds upon which it is based, and must be filed at least seven days prior to the commencement of trial.
The State appealed the trial court’s granting of the defendant’s motion to quash in Harvey to this court. This court first noted that the Louisiana Code of Criminal Procedure did not provide for quashing a bill of information for the State’s failure to adhere to the requirements for a continuance under La.C.Cr.P. art. 707. This court then stated:
Regarding the issue of the reinstitution of charges, we note that a the defendant challenging the State’s dismissal and subsequent reinstitution of charges bears the burden of proving a violation of his constitutional right to a speedy trial. State v. Henderson, 2000-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. A court shall evaluate whether a the defendant’s constitutional right to a speedy trial has been violated on a case-by-case basis. State v. Batiste, 2005-1571, p. 5 (La.10/17/06), 939 So.2d 1245, 1249 (citing State v. 8Love, *427 2000-3347, p. 14 (La.5/23/03), 847 So.2d 1198,1209).
This Court recently revisited the issue of the State’s authority to enter a nolle prosequi and subsequently reinstitute prosecution in State v. Brown, 2005-1090 (La.App. 4 Cir. 3/22/06), 929 So.2d 182. In Brown, this Court reiterated that pursuant to La.C.Cr.P. art. 691, the State has authority to dismiss any prosecution without the consent of the court, and moreover, pursuant to La.C.Cr.P. art. 576, the State is authorized to reinstitute the charges within six months of the dismissal. Brown, 05-1090, p. 3, 929 So.2d at 184.
The United States Supreme Court set forth four factors to be considered by courts when evaluating whether a the defendant’s right to a speedy trial has been violated: 1) the length of the delay; 2) the reasons for the delay; 3) the accused’s assertion of his right to a speedy trial; and 4) the prejudice to the accused resulting from the delay. Barker v. Wingo, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). Additionally, courts must also carefully evaluate whether “the district attorney is flaunting his authority for reasons that show that he wants to favor the State at the expense of the defendant” by causing a the defendant to lose evidence or witnesses. Batiste, 05-1571, p. 5, 939 So.2d at 1249 (quoting Love, 00-3347, p. 14, 847 So.2d at 1209).
Harvey, 2006-1196, pp. 3-5, 956 So.2d at 687-688.
The initial factor, the length of the delay, is often referred to as the “triggering mechanism,” because absent a “presumptively prejudicial” delay, further inquiry into the Barker v. Wingo factors is unnecessary. State v. Williams, 2006-1150, p. 3 (La.App. 4 Cir. 1/24/07), 951 So.2d 1158, 1160.
This court in Harvey reversed the trial court’s granting of the defendant’s motion to quash, finding that the fifteen-month delay between the filing of the original bill of information and the quashing of the bill of information was not presumptively prejudicial. This court also found that the delay was not attributable |nto the State, and it noted that the defendant had not objected to the State’s one motion to continue. The court noted that on at least seven occasions the case was reset because the defendant either failed to remain in court or failed to appear at all. This court also noted that the defendant had alleged no prejudice, “as he does not contend he has lost evidence or witnesses.” Harvey, 2006-1196, p. 6, 956 So.2d at 688. Nor was there evidence that the State had flaunted its authority at the expense of the defendant.
In State v. Batiste, 2004-1200 (La.App. 4 Cir. 5/11/05), 904 So.2d 766, the trial court granted the defendant’s motion to quash a reinstituted charge. The defendant had argued that the State’s entering of a nolle prosequi and the reinstitution of the charge violated his right to a speedy trial and overrode the trial court’s power and discretion by granting itself a previously denied continuance, essentially the same arguments the defendant makes in the instant case. On the State’s appeal, this court affirmed, finding no abuse of discretion. The Louisiana Supreme Court reversed, in State v. Batiste, 2005-1571 (La.10/17/06), 939 So.2d 1245.
The Supreme Court noted in its decision in Batiste that in fact the State had not nolle prosequied the case after being denied a continuance, but rather simply nolle prosequied the case on the day of trial. The court found that the State had a legitimate reason for nolle prosequing the case, that being that the victim was not present for trial and was wavering in her commit *428 ment to going forward with the case. Thus, the court found that the State had not flaunted its authority at the |10expense of the defendant. The court also found that the dismissal of the prosecution clearly had not been for the purpose of avoiding the time limitation for commencement of trial established by La.C.Cr.P. art. 578. The court reviewed the Barker v. Wingo factors and found that the nineteen-month delay was not solely attributable to the State. The defendant in Batiste did not assert his right to a speedy trial until his motion to quash, just as in the instant case. As for prejudice suffered by the defendant in Batiste, the court noted that the defendant claimed to have endured the stigma of the pending charge for almost twenty months, had been fired from his job in New Orleans and had to relocate to Florida, and thus was inconvenienced in having to travel for court appearances. However, the court noted that there was no suggestion that the defendant’s defense was ever impaired by the delay, that his appearance was waived at the majority of court proceedings, and that he was not incarcerated during the delay. The court found that, in light of this information, and after reviewing the Barker v. Wingo factors, the State’s action did not deprive the defendant of his right to a speedy trial. Thus, the court found the trial court had abused its discretion in granting the defendant’s motion to quash.
In the instant case, the defendant was charged by bill of information on November 22, 2006. A January 29, 2007 motion hearing was continued on motion of the defendant. The next scheduled motion hearing date, March 2, 2007, was also continued on motion of the defendant. The first scheduled trial date, May 10, 2007, was also continued on motion of the defendant. The next scheduled trial lúdate, June 28, 2007, was continued on joint motion. The next scheduled trial date, September 5, 2007, was continued on the defendant’s motion. On November 7, 2007, after the defendant asked for a jury trial and prospective jurors had arrived and been addressed by the trial court, the State moved for a continuance because of a missing police witness. The trial court denied the motion for continuance, and the State nolle prosequied the case, reserving its right to reinstitute prosecution. Up to this point every continuance but the joint one by the State and defense, and one by the court itself, had been requested by the defendant.
The State timely reinstituted prosecution on January 10, 2008. The defendant was arraigned on February 12, 2008. On the next scheduled date for any hearing in the case, March 19, 2008, when the case was set for trial, trial was continued on motion of the defendant. On May 20, 2008, the defendant filed a motion to quash, and the trial court reset trial to the following day. On May 21, 2008, trial was continued to July 16, 2008 on motion of the defendant. On July 16, 2008, after a hearing, the trial court granted the defendant’s motion to quash.
The fact that the State did not filed a written motion for continuance in accordance with La.C.Cr.P. art. 707 is not a ground for a motion to quash. Harvey, supra. The time limitation for institution of prosecution for the offense for which the defendant was charged — possession of cocaine, punishable by imprisonment with or without hard labor under La. R.S. 40:967(C)(2) — was four years. La.C.Cr.P. art. 572(A)(2). In the instant case, the defendant was charged with committing an offense that occurred on June 8, 2006. Thus, the delay for | ^institution of prosecution had not run by the time the trial court granted the defendant’s motion to quash. In addition, the delay for commencement of trial in the instant case was *429 two years from the date of the institution of prosecution. La.C.Cr.P. art. 578(A)(2). That two-year delay had not run — from either the original or reinstituted institution of prosecution — at the time the trial court granted the defendant’s motion to quash. Thus one of the defendant’s stated grounds for his motion to quash, that under La.C.Cr.P. art. 582(7) the time limitation for the institution of prosecution or for the commencement of trial had expired, was without merit.
The defendant also cited La.C.Cr.P. art. 532(6) as a ground for his motion to quash, that trial for the offense charged would constitute double jeopardy. However, the defendant pleaded not guilty and was to be tried by a jury. Jeopardy does not begin until the jury panel is sworn. La.C.Cr.P. art. 592. In the instant case, the trial court had only made prefatory remarks to prospective jurors when the State nolle prosequied the case.
As to the speedy trial issue, initially, it is apparent that the trial court found the twenty-month delay in the instant case presumptively prejudicial. That delay arguably was presumptively prejudicial. See State v. Love, 2000-3847 (La.5/23/03), 847 So.2d 1198 (twenty-two-month delay presumptively prejudicial); State v. Ervin, 2008-1078 (La.App. 4 Cir. 4/1/09), 9 So.3d 303 (twenty-five month delay, even though partially attributable to the devastation wrought by Hurricane Katrina, “arguably” presumptively prejudicial).
| ^Considering the Barker v. Wingo factors, it can be noted that the record does not contain a motion for a speedy trial, or indicated that one was ever filed by the defendant. That issue was first raised in the defendant’s motion to quash. The total length of the delay, from the first institution of prosecution to the date the trial court granted the defendant’s motion to quash, was twenty months. Importantly, most of the delay was caused by the defendant requesting and receiving continuances. The record reflects that the State only requested one continuance by itself, on the date it nolle prosequied the case after the trial court denied the request, and made one joint motion to continue with the defendant prior to the nolle pro-sequi. Therefore, we find the concept of presumptive prejudice to be inapplicable.
As for the final Barker v. Wingo factor, the prejudice to the defendant, the defendant’s counsel maintained that because the State was not ready to proceed to trial on the date the State sought a continuance and then nolle prosequied the case after the request was denied, the defendant lost the availability of two witnesses who had been present in court that day to testify on his behalf. The record reflects that the trial court noted that in fact the two witnesses, one being from Georgia, had been present in court that day, November 7, 2007. However, there is no indication the defendant presented any affirmative evidence that he would not be able to secure the appearance of these witnesses.
In State v. Harris, 2003-0524 (La.App. 4 Cir. 9/10/03), 857 So.2d 16, this court stated:
114Thus, ... the proper approach to the question of whether the defendant’s right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was “palpable abuse” on the part of the trial court in granting the motion to quash. (Emphasis added.)
Harris, 2003-0524, p. 4, 857 So.2d at 18.
After reviewing the record as a whole and considering all of the factors set forth above, including but not limited to: the fact that the defendant asked for most of *430 the continuances; he apparently never filed a motion for speedy trial; and he failed to present any affirmative evidence that he would not be able to secure the appearance of the witnesses he claimed became unavailable as a result of the delay, we find that the State’s action did not deprive the defendant of his right to a speedy trial.
For the foregoing reasons, the judgment of the trial court is vacated and the case remanded for further proceedings consistent with this opinion.
VACATED; REMANDED.